138 So.2d 663 (1962)
Joseph BERTRAND, Jr., Plaintiff and Appellant,
v.
PATTERSON TRUCK LINE et al., Defendants and Appellees.
No. 513.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1962.
Rehearing Denied March 30, 1962.
Certiorari Denied May 18, 1962.
*664 Nathan A. Cormie & Associates, by Nathan A. Cormie and Chris J. Roy, Lake Charles, for plaintiff and appellant.
Cavanaugh, Hickman, Brame & Holt, by Edmund E. Woodley, Lake Charles, for defendants and appellees.
Before SAVOY, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Joseph Bertrand, Jr., against his employer, Patterson Truck Line, Inc., and its insurer, Travelers Insurance Company. The trial court sustained an exception of prematurity filed by the defendants and dismissed the suit. Plaintiff has appealed from that judgment.
The record shows that plaintiff sustained a work-connected injury on March 17, 1961, the injury consisting principally of fractures of two, and perhaps three, metatarsal bones of the right foot. Defendant, Travelers Insurance Company, promptly paid to him all benefits due under the Workmen's Compensation Act from the date of the injury until June 17, 1961. Payments were discontinued on this last mentioned date because the defendant insurer received a medical report from the treating physician, dated May 30, 1961, stating that "there appeared to be sufficient healing of the fractures at present to continue active full weight bearing," and that plaintiff had been "asked to return to work."
No demands were made of defendants to resume compensation payments after they were discontinued. Plaintiff, however, returned to the treating physician on August 1, 1961, advising that he had not gone back to work and that his foot was still painful. The treating physician examined plaintiff again on that date, and by letter addressed to Travelers Insurance Company, dated August 8, 1961, he advised that plaintiff was still complaining of pain, and that he was giving plaintiff the benefit of the doubt and was continuing to treat him, although his findings did not offer a sufficient reason for the continued pain. This letter was received by the Lake Charles office of defendant *665 insurer on August 11 or 12, and upon being forwarded was received by the New Orleans office of the insurer on August 15, 1961. On the basis of this letter the defendant insurer determined that compensation payments should be brought up to the date and then continued.
On August 18, 1961, a draft was issued by the New Orleans office of Travelers Insurance Company, made payable to plaintiff, for the sum of $315.00, which covered all workmen's compensation payments due plaintiff from June 17 to August 19, 1961. This draft was mailed to plaintiff on August 18, 1961, at P. O. Box 234, Berwick, Louisiana, which was the address to which all prior compensation payments had been mailed. Within the next two or three days the draft apparently came into the possession of plaintiff's former employer, Patterson Truck Line, and that employer then forwarded the check to plaintiff at his present address in Lake Charles on August 22, 1961. The evidence does not show when plaintiff received the draft, but counsel for plaintiff states in his brief that it was received the following day, on August 23. Plaintiff took the envelope containing this draft to his attorney in Lake Charles on August 24, where it was opened. The draft which had been issued on August 18, 1961, was then accepted and was cashed by plaintiff, and since that time the defendant insurer has continued to make compensation payments to plaintiff timely, all of which payments have been accepted and cashed.
This suit was instituted on August 22, 1961, which was four days after the draft had been issued and mailed from New Orleans, but was the same day that it was forwarded to plaintiff from Morgan City. Service of process was made on defendants two days later, on August 24. The record shows that no demand for additional compensation payments had been made on defendants, either by plaintiff or by his counsel, at any time prior to the filing of this suit. Defendants, in fact, did not know that plaintiff was represented by counsel until after service of process was made on August 24, and they did not know that plaintiff was complaining of any further disability until Travelers received a report to that effect from the treating physician on August 11 or 12, 1961. Upon receiving this medical report, and in spite of the fact that no demand had been made for additional compensation, the defendant insurer promptly resumed payment of compensation benefits. A draft for all of the accumulated and unpaid compensation benefits due plaintiff was mailed to him within three days after the last medical report was received by defendant insurer at its New Orleans office. We think payments were resumed with reasonable promptness after this medical report was received.
Plaintiff contends that he is entitled to maintain this action since it was instituted "several hours" before the envelope containing the check was "posted." The evidence shows that the draft actually was mailed to plaintiff from New Orleans on August 18. This suit was filed sometime before 5:00 P. M. on August 22. The envelope used by Patterson Truck Line in forwarding the draft to plaintiff from Morgan City bears a postmark showing that it was posted or mailed at 6:00 P. M. on August 22. The postage meter stamp on the same envelope shows that this stamp was affixed on August 21, which was one day before the suit was filed.
LSA-R.S. 23:1201 provides that where the employee is not living at the place where the wages were paid, or is absent therefrom, "such payments shall be made by mail upon the employee giving to the employer a sufficient mailing address." LSA-R.S. 23:1201.1 provides that these payments, at the option of the employee, "shall be mailed to the employee at the address designated by him." We agree with counsel for plaintiff in his argument that, in view of these provisions of the law, when the payment of compensation benefits is required to be made by mail, each such *666 payment should be considered as having been made at the time the envelope containing the draft, adequately addressed to the injured employee at the address designated by him, is deposited in the United States mails.
Plaintiff contends that in this case the payment of past due compensation was not made on August 18, because the envelope containing the draft which was mailed from New Orleans on that date was not properly addressed to him. The envelope mailed from Morgan City at 6:00 P. M. on August 22, he maintains, was properly addressed, and for that reason it must be held that payment was made at that time, which was at least an hour after the suit had been filed. The evidence establishes that all prior compensation payments had been mailed to plaintiff at P. O. Box 234, Berwick, Louisiana, and the draft dated August 18, 1961, was mailed to him at the same address. Plaintiff did not testify at the trial of the exception, and there is nothing in the evidence to show that he ever instructed defendants to mail his compensation payments to him at all, or that he ever gave defendants an address to which the payments could be mailed. Since prior payments had been mailed to plaintiff at Berwick, Louisiana, apparently without objection, it is reasonable to conclude that he at least tacitly consented that they be made in that manner. If such a conclusion is not justified, however, and no other sufficient mailing address was given by the employee, then the law requires that payments be made "as near as may be" at the place where the wages were payable. LSA-R.S. 23:1201.
The district adjuster for defendant insurer testified that a handwritten memorandum, containing the notation "1800 Simmons Street," appears in his file, but he did not indicate that he had ever had a request from plaintiff that drafts for compensation benefits be mailed to that address, or that he was ever informed as to the city in which that street is located. Plaintiff's former employer, Patterson Truck Line, forwarded the check to plaintiff at "1800 Simmons Street, Lake Charles, Louisiana," and counsel contends that this shows that defendants were aware of the correct mailing address.
In our opinion plaintiff has failed to establish that the August 18 draft was mailed to plaintiff at the wrong address. It was sent to him at the address where all prior drafts had been delivered, and the evidence does not show that plaintiff ever instructed defendants to mail the checks to any other address. The fact that Patterson Truck Line forwarded the check to plaintiff at the Lake Charles address does not establish that plaintiff had given either of the defendants that address at the time the draft was mailed from New Orleans. We think the evidence shows that the payment of all accumulated and past due compensation was made to plaintiff when the draft was mailed from New Orleans on August 18, which was prior to the time this suit was filed, and that no compensation payments were due when the petition was filed.
Plaintiff further contends, however, that he is entitled to maintain this action because defendants are indebted to him for penalties and attorneys fees, under the provisions of LSA-R.S. 22:658 and 23:1201.2, and that these amounts have not been paid. In support of his claim for penalties and attorneys fees, plaintiff argues that defendants were not justified in discontinuing the payment of compensation benefits on June 17, 1961.
As has already been pointed out, the treating physician reported on May 30, 1961, that there appeared to be sufficient healing of the fractures at that time "to continue active full weight bearing," and that plaintiff was "asked to return to work." In the same report the doctor stated that, "although he was asked to return to work, the patient was not released from our care, and was asked to return for an additional examination in approximately one month. At that time an evaluation of the physical *667 impairment caused by the fractures will be made and forwarded to you."
Counsel argue that since the doctor had not released plaintiff from treatment defendants were not justified in assuming that he was no longer disabled. We cannot agree with counsel in that argument. An employer, or his insurer, may discontinue making compensation payments to an injured employee when the employee recovers from his injury and is no longer disabled, regardless of whether or not he has been released from treatment by his physician. In determining whether such payments should or may be discontinued, an employer or his insurer ordinarily may rely on the opinions of medical experts as to whether the employee has recovered from his injury and disability, and he will not be required to pay penalties and attorney's fees under LSA-R.S. 22:658 or LSA-R.S. 23:1201.2 unless the discontinuance of compensation payments is found to be arbitrary, capricious, or without probable cause.
In this case, we think the report of the treating physician, rendered on May 30, 1961, indicated that plaintiff could return to his employment at that time, and that on the basis of that report defendants were justified in discontinuing the further payment of compensation benefits to him. Within a reasonable time after the treating physician revised his opinion and informed defendants that plaintiff was still disabled, defendants brought the compensation payments up to date, even though no demands had been made upon them to do so. We agree with the trial judge that the defendants were in good faith, and that their discontinuance of compensation payments was not arbitrary, capricious or without probable cause. Plaintiff, therefore, is not entitled to recover penalties and attorney's fees from defendants. See Guillory v. Southern Farm Bureau Casualty Ins. Co., La.App. 1 Cir., 105 So.2d 276 (affirmed as to disallowance of penalties and attorney's fees, 237 La. 374, 111 So.2d 314); Luce v. New Hotel Monteleone, La.App.Orl., 106 So.2d 121; Jones v. Employers Mutual Liability Ins. Co. of Wis., La.App. 1 Cir., 114 So.2d 602.
Since the evidence shows that plaintiff has been paid the maximum percent of his wages, and has received all other benefits, to which he is entitled under the Workmen's Compensation Act, and the employer has not refused to pay any of those benefits, we conclude that the exception of prematurity was properly sustained by the trial court.
For the reasons herein set out, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.