# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1633

CATHY E. CORBELLO

VERSUS

ISLE OF CAPRI CASINO

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 04-00453
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Jimmie C. Peters, Marc T. Amy, and Glenn B. Gremillion, Judges.

SAUNDERS, J., DISSENTS AND ASSIGNS REASONS.

REVERSED AND REMANDED.

Robert Thomas Jacques, Jr.
1011 Lakeshore Drive - Suite 310
Lake Charles, LA 70601
Telephone:  (337) 433-4674
COUNSEL FOR:
    Plaintiff/Appellee - Cathy E. Corbello

Wade Thomas Visconte
Anna R. Gray
The Gray Law Firm
P. O. Box 1467
Lake Charles, LA 70602-1467
Telephone:  (337) 494-0694
COUNSEL FOR:
    Defendant/Appellant - St. Charles Gaming Company, Inc. d/b/a Isle
    of Capri Casino-Lake Charles

THIBODEAUX, Chief Judge.

In this workers' compensation case, Plaintiff, Cathy Corbello, alleges that on April 2, 2003, while in the course and scope of employment at the Isle of Capri Casino, she suffered a work-related accident. Ms. Corbello filed a Motion for Rule to Show Cause why Employer Should not Comply with La.R.S. 23:1201.1.[1] After a hearing, the Workers' Compensation Judge (WCJ) ordered a payment of ten percent of all benefits owed to claimant from January 22, 2004 through July 13, 2004 for the employer's failure to comply with La.R.S. 23:1201.1. Isle of Capri Casino appeals this judgment. Because there is no statutory authorization for such a sanction, we reverse and remand to the Office of Workers' Compensation for the imposition of an appropriate and legally authorized sanction which we leave to the discretion of the workers' compensation judge.

I.

**ISSUE**

We will consider whether the WCJ erred in awarding a payment of ten percent (10%) of all benefits paid to claimant from January 22, 2004 through July 13, 2004 against the employer for its failure to comply with La.R.S. 23:1201.1.

II.

**FACTS**

This workers' compensation issue arises out of an alleged work-related accident suffered by Ms. Cathy Corbello while employed at the Isle of Capri Casino (Casino). Ms. Corbello retained counsel and, on January 13, 2004, her counsel sent

---

[1]Louisiana Revised Statutes 23:1201.1 mandates that "[w]orkers' compensation payments, at the option of the employee, shall be mailed to the employee at the address designated by him."

a demand letter to the Casino requesting that all indemnity benefits be sent to the designated address of Ms. Corbello's attorney pursuant to La.R.S. 23:1201.1. On January 27, 2004, the WCJ signed a Motion and Order for Approval of Statutory Attorney Fee (Order) memorializing the amount of attorney fees and the address where all payments of workers' compensation benefits were to be sent, namely to Ms. Corbello's counsel.

The Casino mailed payments directly to Ms. Corbello, not to her counsel as indicated by the Order. Consequently, On May 12, 2004, Ms. Corbello filed a Rule to Show Cause why Employer Should Not Comply with La.R.S. 23:1201.1. On September 13, 2004, the WCJ ruled against the employer and ordered the Casino to pay ten percent of all wage benefits owed to Ms. Corbello from January 22, 2004 through July 13, 2004. From this judgment, the Casino appeals.

III.

## LAW AND DISCUSSION

The Order established the correct address to mail payments pursuant to La.R.S. 23:1201.1. The Casino failed to follow the Order. The WCJ has "the power to enforce any order or judgment he shall deem proper which is issued *pursuant to the powers and jurisdiction provided for in this Chapter. . .*" (Emphasis added). La.R.S. 23:1310.7(A). In addition, La.R.S. 23:1310.7(D) refers to the workers' compensation court's general power to effectuate its purpose. Although Plaintiffs rely on La.R.S. 23:1310.7(D) which states that "[n]othing in this Section shall be construed to limit the power of the workers' compensation judge to encourage compliance with and enforcement of his order by means other than referral to the district courts for contempt proceedings," the power to enforce vis-a-vis a penalty must be authorized.

2

There are examples in which a penalty is delineated and may be assessed for failure to follow a specific statute. Louisiana Revised Statutes 23:1201(F) provides for an employer's failure to provide payment in accordance with the statute or if the employer fails to consent to the employee's request to select a treating physician or change physicians. The penalty assessment is "an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim." *Id*. Louisiana Revised Statutes 23:1201.3 sets out the penalty in the event the employers fails to pay compensation under the terms of an award. Furthermore, La.R.S. 23:1310.7 establishes several methods to enforce any order or judgment including constructive contempt, subpoenas, and direct contempt which is "not inconsistent with the law for the punishment for contempt." La.R.S. 23:1310.7(B).

Here, the award of ten percent of benefits paid to claimant is in essence a penalty; therefore, it must be construed narrowly and specifically provided for. "Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *See Williams v. Rush Masonry, Inc.*, 98-2271 p. 9 (La. 06/29/99), 737 So.2d 41, 46. There is no language in the Workers' Compensation Act that allows for the imposition of a ten percent assessment for a failure to adhere to La.R.S. 23:1201.1. Therefore, we find the penalty is not authorized and, therefore, we must reverse.

3

IV.

## CONCLUSION

For the foregoing reasons, we reverse the WCJ award of ten percent (10%) of all benefits paid to claimant from January 22, 2004 through July 13, 2004 against the employer for its failure to comply with La.R.S. 23:1201.1. All costs for this appeal are assessed against plaintiff, Cathy Corbello.

**REVERSED AND REMANDED**.

NUMBER 04-1633

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

CATHY E. CORBELLO

VERSUS

ISLE OF CAPRI CASINO

SAUNDERS, J. dissenting.

I respectfully dissent. La.R.S. 23:1201.1 is clearly a sub-section of La.R.S. 23:1201 and accordingly the penalty proven of La.R.S. 23:1201 should be applied to a violation of La.R.S. 23:1201.1. To hold otherwise is to rule that a sub-section designated alphabetically is to be considered part of a section of law but that a sub-section designated numerically is not a part of that section. There is no authority for such a proposition. There is also no reason for adopting such a proposition.

This view is supported by the jurisprudence from the earliest holdings of this court. The provisions of La.R.S. 23:1201.1 have been considered by our court when evaluating the requirements for valid payment of compensation benefits according to La.R.S. 23:1201. In *Bertrand v. Patterson Truck Line, et al.*, 138 So.2d 663, 665-66 (La.App. Cir. 1962), this court stated that:

> in view of [La.R.S. 23:1201 and La.R.S. 23:1201.1], when the payment of compensation benefits is required to be made by mail, each such payment should be considered as having been made at the time the envelope containing the draft, **adequately addressed to the injured employee at the address designated by him**, is deposited in the United States mails.

The plaintiff in that case did not designate an alternative address to which the checks were to be mailed; therefore, penalties were not imposed. *Id.* at 666.

In the matter at hand, however, it is undisputed that plaintiff did designate an alternative address. It is also undisputed that the employer did not mail the checks to the address chosen by plaintiff. Accordingly, the compensation payments at issue here were not properly and timely made because they were never "adequately addressed to the injured employee at the address designated by him[.]" Therefore, according to the above quoted well reasoned jurisprudence, the penalty provisions of La.R.S. 23:1201 are invoked by the employer's failure to adhere to La.R.S. 23:1201.1.

I believe that the language of La.R.S. 23:1201.1 supports this view as well. That statute states that payments "**shall** be mailed to the employee at the address designated by him." La.R.S. 23:1201.1 [Emphasis added]. Had the legislature intended to deny penalties for violations of La.R.S. 23:1201.1, the permissive term "may" would have been used. It was not. Rather, "shall" was used which mandates adherence to the provision. This was apparently recognized by this court in *Bertrand* because the requirement found in La.R.S. 23:1201.1 was treated as one of the defining characteristics of the requirements of La.R.S. 23:1201. According to *Bertrand*, a breach of the mandatory language in La.R.S. 23:1201.1 constitutes a breach of La.R.S. 23:1201. I agree with that application of these provisions of law.

I also note that we must interpret statutory law so as to promote efficiency in the administration of justice. In the instant matter, however, that efficiency is undermined. If one reads La.R.S. 23:1201.1 as not providing for penalties, a WCJ's only recourse against an employer who refuses to perform according to that statute is to enter a court order directing the employer to do so. That order, however, could not be enforced by the WCJ because he cannot hold an employer in contempt. Any employer, therefore, could refuse to follow La.R.S. 23:1201.1 and a court order to

do so and not be subject to recourse unless the case is transferred to a district judge. The more efficient means of enforcing La.R.S. 23:1201.1 is to read it, as this court has already done, as a part of the requirements of La.R.S. 23:1201, which the WCJ can enforce on his own.

For the foregoing reasons, I would affirm the WCJ's imposition of penalties in this matter.