11SAUNDERS, J.
dissenting.
I respectfully dissent. La.R.S. 23:1201.1 is clearly a sub-section of La.R.S. 23:1201 and accordingly the penalty proven of La. R.S. 23:1201 should be applied to a violation of La.R.S. 23:1201.1. To hold otherwise is to rule that a sub-section designat *745 ed alphabetically is to be considered part of a section of law but that a sub-section designated numerically is not a part of that section. There is no authority for such a proposition. There is also no reason for adopting such a proposition.
This view is supported by the jurisprudence from the earliest holdings of this court. The provisions of La.R.S. 23:1201.1 have been considered by our court when evaluating the requirements for valid payment of compensation benefits according to La.R.S. 23:1201. In Bertrand v. Patterson Truck Line, et al., 138 So.2d 663, 665-66 (La.App.Cir.1962), this court stated that:
in view of [La.R.S. 23:1201 and La.R.S. 23:1201.1], when the payment of compensation benefits is required to be made by mail, each such payment should be considered as having been made at the time the envelope containing the draft, adequately addressed to the injured employee at the address designated by him, is deposited in the United States mails.
|2The plaintiff in that ease did not designate an alternative address to which the checks were to be mailed; therefore, penalties were not imposed. Id. at 666.
In the matter at hand, however, it is undisputed that plaintiff did designate an alternative address. It is also undisputed that the employer did not mail the checks to the address chosen by plaintiff. Accordingly, the compensation payments at issue here were not properly and timely made because they were never “adequately addressed to the injured employee at the address designated by him[.]” Therefore, according to the above quoted well reasoned jurisprudence, the penalty provisions of La.R.S. 23:1201 are invoked by the employer’s failure to adhere to La.R.S. 23:1201.1.
I believe that the language of La.R.S. 23:1201.1 supports this view as well. That statute states that payments “shall be mailed to the employee at the address designated by him.” La.R.S. 23:1201.1 [Emphasis added]. Had the legislature intended to deny penalties for violations of La.R.S. 23:1201.1, the permissive term “may” would have been used. It was not. Rather, “shall” was used which mandates adherence to the provision. This was apparently recognized by this court in Bertrand because the requirement found in La.R.S. 23:1201.1 was treated as one of the defining characteristics of the requirements of La.R.S. 23:1201. According to Bertrand, a breach of the mandatory language in La.R.S. 23:1201.1 constitutes a breach of La.R.S. 23:1201. I agree with that application of these provisions of law.
I also note that we must interpret statutory law so as to promote efficiency in the administration of justice. In the instant matter, however, that efficiency is undermined. If one reads La.R.S. 23:1201.1 as not providing for penalties, a | sWCJ’s only recourse against an employer who refuses to perform according to that statute is to enter a court order directing the employer to do so. That order, however, could not be enforced by the WCJ because he cannot hold an employer in contempt. Any employer, therefore, could refuse to follow La.R.S. 23:1201.1 and a court order to do so and not be subject to recourse unless the case is transferred to a district judge. The more efficient means of enforcing La. R.S. 23:1201.1 is to read it, as this court has already done, as a part of the requirements of La.R.S. 23:1201, which the WCJ can enforce on his own.
For the foregoing reasons, I would affirm the WCJ’s imposition of penalties in this matter.