FORET, Judge.
This is a worker’s compensation action brought by claimant, Alcee Fontenot, *79 against defendants, the State of Louisiana, Through the Department of Highways, and its worker’s compensation carrier, Houston G'eneral Insurance Company.[1] Defendants filed a peremptory exception of prescription. The trial court granted the exception with respect to compensation benefits, but denied it with respect to medical benefits, holding that defendants were estopped from interposing a plea of prescription to this claim. After trial on the merits, the court awarded plaintiff past medical benefits of $274, plus the statutory penalty of 12%, and specifically reserved plaintiffs right to obtain future medical benefits. The court also awarded plaintiff attorney’s fees in the amount of $3,000. Defendants appealed the decision of the trial court denying their exception of prescription as to medical payments. Plaintiff answered the appeal, asking for an increase in the amount of attorney’s fees awarded at the trial level and for additional attorney’s fees for this appeal. Additionally, plaintiff objected to the trial court’s granting of the exception of prescription with respect to his claim for compensation benefits.
This appeal presents this Court with several issues:
(1) Whether the trial court erred when it found that defendants had lulled plaintiff into complacency and, as a result, should be estopped from interposing a plea of prescription to plaintiff’s untimely suit;
(2) Whether the trial court erred in determining that plaintiff was not lulled into complacency with respect to his claim for compensation payments; and,
(3) Whether defendant insurance company’s failure to pay plaintiff’s medical bills was arbitrary, capricious, or without probable cause so as to entitle plaintiff to attorney’s fees.
FACTS
On March 26, 1973, plaintiff, an employee of the State Department of Highways, was operating a tractor on the job when the tractor blade apparently struck a car jack. The jack flew against the front tire of the tractor, bounced up, and hit plaintiff in the right eye and forehead. As a result, plaintiff had to undergo eye surgery and lost most of the vision in his right eye.
The State of Louisiana’s worker’s compensation carrier at that time, Houston General Insurance Company, made compensation payments to plaintiff until he returned to work, slightly more than three months after the accident. At that time, the compensation payments were discontinued and never resumed. Houston General, however, continued to pay for plaintiff’s medical treatment. Sometime after the accident, Allen Gossen, a safety inspector for the State, assured plaintiff that all he needed to do to maintain his right to medical payments was to go to the doctor at least once a year. Plaintiff continued to receive treatment for his eye, visiting his doctor every six months. In July of 1982, plaintiff received a bill and a note from his doctor which informed him that his medical bills had not been paid since 1979. Plaintiff, who speaks little English and is illiterate, had his daughter read and translate the note and bill he received from his doctor. Plaintiff then made an inquiry with his employer and was told that his-claim for medical payments had expired.
It appears that until 1979, plaintiff’s medical bills were sent by plaintiff’s doctor to State Adjusters and, from there, forwarded to Houston General. Plaintiff never saw these bills. Between 1973 and 1979, the State switched its worker’s compensation carrier on two occasions: first, switching from Houston General to another insurance company and finally, becoming self-insured. Apparently, in or around 1979, State Adjusters discontinued handling any of the State of Louisiana’s worker’s compensation claims. At that point, State Adjusters no longer forwarded any of the bills received from plaintiff’s doctor to Houston General. The last payment of plaintiff’s medical bills made by Houston General was *80 on October 8, 1979. Plaintiff filed the present action on March 3, 1983.
MEDICAL BENEFITS
The trial court found that although plaintiffs cause of action for medical benefits had, on its face, prescribed, nevertheless, defendants were estopped from interposing a plea of prescription to that claim since they had lulled the plaintiff into complacency. It is well settled that an employer who lulls an injured employee into a false sense of security is estopped from interposing a plea of prescription to a worker’s untimely suit for compensation benefits. Wesley v. Claiborne Electric Company Co-Op, Inc., 446 So.2d 857 (La. App. 2 Cir.1984), writ denied, 450 So.2d 955 (La.1984); Landry v. Ferguson, 279 So.2d 185 (La.1973); Zeringue v. Liberty Mutual Insurance Company, 248 So.2d 83 (La. App. 4 Cir.1970), writ refused, 259 La. 61, 249 So.2d 203 (1971).
The evidence shows that Allen Gos-sen, a safety inspector for the State, had assured the plaintiff that all he needed to do to maintain his right to receive medical payments was to go to his doctor at least once a year. It is clear that plaintiff, who is illiterate and speaks little English, relied on this representation made by Gossen. In accordance with Gossen’s instructions, plaintiff continued to see his doctor every six months. There is no doubt that plaintiff was lulled into complacency by the representations made by the State’s representative.
Until July of 1982, all of plaintiff’s medical bills were sent by his doctor directly to State Adjusters and, from there, to Houston General. Plaintiff never saw any of these bills, and since his medical needs were being met, he had no cause for concern. In addition, at the point in time when worker’s compensation claims should no longer have been routed through State Adjusters, neither the State nor Houston General took any steps to inform claimant or his doctor of the change. Given that plaintiff was already relying on representations made by a representative of the State, this failure of the State or its insurer to notify plaintiff of the change in billing procedures was a serious act of omission. We conclude that the defendants are estopped to plead prescription with regard to plaintiff’s claim for medical benefits.
COMPENSATION BENEFITS
Plaintiff does not dispute the fact that the last compensation payment was made by Houston General in 1973, and that his right to compensation benefits had, on its face, prescribed. Plaintiff, however, contends that defendants should, once again, be estopped as a result of having lulled him into complacency. We do not agree.
The record indicates that the representations made by Gossen to plaintiff regarding his right to medical benefits were made after his right to compensation payments had already prescribed. There is no evidence indicating that any such representations were made prior to that time. In fact, there was no evidence that any representations with regard to compensation benefits were ever made by defendants. The trial court correctly found that plaintiff’s cause of action for compensation benefits had prescribed.
PENALTIES AND ATTORNEY’S FEES
The trial court awarded plaintiff $3,000 in attorney’s fees and 12% of the unpaid medical benefits awarded. LSA-R.S. 23:1201.2 provides that a court may assess penalties and attorney’s fees against an employer who arbitrarily, capriciously, or without probable cause, fails to pay a claim within sixty days after receipt of. written notice of the claim. LSA-R.S. 23:1201.2 is penal in nature and, therefore, must be strictly construed, and the stipulated sanctions should be imposed only in those instances in which the facts negate probable cause for non-payment. Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669 (La.1977); Robichaux v. Terrebonne Parish School Board, 426 So.2d 241 (La.App. 1 Cir.1983).
*81 Neither defendant insurer, Houston General, nor the State received written notice of the unpaid claim before July of 1982, which was more than three years after the last medical payment. By that time, plaintiffs right to medical benefits had, on its face, prescribed, and the question of whether or not plaintiff was lulled into complacency by the State’s representative was a matter of factual dispute.
Employers are not to be penalized for taking workmen’s compensation claims to court for judicial resolution of close factual questions. Thompson v. Natchitoches Parish Hospital Service District, 335 So.2d 81 (La.App. 3 Cir.1976), writ denied, 338 So.2d 298 (La.1976); Dupont v. Ebasco Services, Inc., 411 So.2d 605 (La.App. 4 Cir.1982). The question of whether or not an employer is estopped from interposing a plea of prescription is a factual question which must be decided in light of all of the surrounding circumstances, including the representations made, and the education and sophistication of the worker. In the present case, since more than one year had elapsed since the last payment of benefits and the institution of the suit, the burden of proving an interruption or estoppel was on plaintiff. See Sewell v. Argonaut-Southwest Insurance Company, 338 So.2d 1208 (La.App. 3 Cir.1976), writ granted, 356 So.2d 1002 (La.1978). Under the circumstances, we find manifest error in the trial court’s determination that the insurer’s failure to pay medical benefits was arbitrary, capricious, or without probable cause.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed insofar as it awarded past-due medical benefits and reserved plaintiff’s right to obtain future medical benefits. Also affirmed is the trial court’s granting of the exception of prescription with regard to plaintiff’s claim for compensation benefits. That part of the judgment awarding penalties and attorney’s fees is reversed and set aside.
All costs of ■ this appeal are assessed against the State of Louisiana and plaintiff, one-half each.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. At the present time, the State of Louisiana is self-insured, but, at the time of plaintiffs accident,' Houston General Insurance Company was the worker's compensation carrier for the State.