EDWIN A. LOMBARD, Judge.
 

 [, Canal Entertainment, and its workers’ compensation carrier, American International Group Claim Service, Inc., (“defendants”) appeal the judgment of the Office of Workers’ Compensation (“OWC”), finding that Michael Stanich did not commit fraud in violation of La.Rev.Stat. 23:1208, and further finding that defendants are not entitled to an offset or credit pursuant to La.Rev.Stat. 23:1225. For the reasons set forth below, we affirm.
 

 Relevant Facts
 

 On April 15, 2003, Mr. Stanich injured his back, hip, and elbow in the course and scope of his employment with Canal Entertainment. As a result, Mr. Stanich received $412.00 per week in temporary total disability benefits from May 11, 2005, through January 7, 2009, the date the present matter was brought before the OWC.
 

 On May 14, 2003, Mr. Stanich suffered a second accident, a hernia, while in the course and scope of his employment with the New Orleans Opera Association (“Opera Association”). In connection with this injury, Mr. Stanich received workers’ compensation benefits from September 27, 2003 until November 30, |22005. On November 30, 2005, Mr. Stanich received a lump sum settlement from the Opera Association in the amount of $40,000.00.
 

 On July 28, 2008, defendants filed a 1008 Disputed Claim for Compensation, alleging that Mr. Stanich committed fraud under La.Rev.Stat. 23:1208 due to the fact that he received duplicate compensation benefits. Additionally, defendants made a demand for an offset or credit pursuant to La. R.S. 23:1225 for the duplication of benefits received by Mr. Stanich from May 11, 2005, through November 30, 2005.
 

 Mr. Stanich answered the Disputed Claim for Compensation, denying that he made any misrepresentations as defined in La.Rev.Stat. 23:1208. Mr. Stanich further responded that the claims for offset or credit pursuant to La.Rev.Stat. 23:1225 had prescribed.
 

 Following a hearing on January 7, 2009, the OWC rendered judgment on March 2, 2009, denying both of defendants’ claims.
 
 [1]
 
 This devolutive appeal followed.
 

 Assignments of Error
 

 Defendants assert two assignments of error on appeal: 1) the trial court erred in concluding that Mr. Stanich did not violate La.Rev.Stat. 23:1208, and 2) the trial court erred in determining that defendants were not entitled to an offset or credit.
 

 Standard of Review
 

 The issue of whether an employee has forfeited his right to workers’ compensation benefits is a factual question that should not be disturbed on appeal | -¡absent manifest error.
 
 Ocon v. Regency Motors of Metairie, L.L.C.,
 
 06-0834, p. 5 (La.App. 5 Cir. 4/11/07), 957 So.2d 816, 820. Statutory forfeiture is a harsh remedy and must be strictly construed.
 
 Heirera v. Cajun Co.,
 
 06-1627, p. 7 (La.App. 4 Cir. 6/6/07), 960 So.2d 1161, 1166.
 

 Discussion
 

 1. Violation of La.Rev.Stat. 23:1208
 

 Misrepresentation and forfeiture under the Workers’ Compensation Act are regulated by La.Rev.Stat. 23:1208 which states, in pertinent part:
 

 
 *272
 
 A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
 

 * * *
 

 E. Any employee violating this Section shall, upon determination by [the] workers* compensation judge, forfeit any right to compensation benefits under this Chapter.
 

 In determining whether a statement is willful, the courts have considered whether statements made by a claimant are merely inadvertent or inconsequential. Inadvertent or inconsequential statements will not give rise to a finding of willful misstatement, triggering statutory penalties.
 
 Hernandez v. ESKCO, Inc.,
 
 00-0174, p. 3 (La.App. 4 Cir. 11/15/00), 773 So.2d 865, 867.
 

 The three requirements for forfeiture of benefits under La. R.S. 23:1208 are (1) a false statement or representation, (2) that is willfully made, (3) for the purpose of obtaining or defeating any benefit or payment under the workers’ compensation law.
 
 Resweber v. Haroil Const. Co.,
 
 94-2708, 94-3138, p. 11 (La.9/5/95), 660 So.2d 7, 14;
 
 Ravy v. Bridge Terminal Transport,
 
 04-0134, p. 3 (La.App. 4 Cir. 9/29/04), 883 So.2d 1139, 1142.
 

 |4In the present case, the OWC judge determined that defendants “failed to carry [their] burden to show the requisite intent necessary to implicate section 1208 and to impose the forfeiture of benefits commanded by section 1208.” We agree.
 

 The only witness called to testify in support of defendants’ forfeiture claim was John Ellinghausen, the attorney who handled the workers’ compensation claim on behalf of the Opera and its workers’ compensation carrier. Mr. Ellinghausen testified that his file contained an earnings form from Mr. Stanich, dated May 31, 2005, which represented that Mr. Stanich denied getting any type of payments from May 1, 2005, through May 31, 2005. When asked whether the form was signed by Mr. Stanich or his previous attorney, Mr. Ellin-ghausen responded that Mr. Stanich’s name was only printed on the form.
 

 The record reveals that Mr. Stanich was present at the hearing, but was not called to testify. Therefore, there was no testimony from Mr. Stanich as to what he represented in connection with his workers’ compensation claims. Likewise, there was no testimony or statements from Mr. Stanich’s previous attorney that handled his compensation claim against the Opera.
 

 It is clear that defendants presented nothing to show that Mr. Stanich made any intentional or willful misrepresentations for the purpose of obtaining workers’ compensation benefits. Accordingly, the ruling of the OWC is neither manifestly erroneous nor clearly wrong. This assignment is without merit.
 

 2. Offset or Credit Pursuant to La. Rev. Stat. 23:1225
 

 La.Rev.Stat. 23:1225 provides for an offset of workers’ compensation benefits when other specified benefits are also being received by the employee. The statute provides, in pertinent part:
 

 C. (1) If an employee receives remuneration from:
 

 |B(a) Benefits under the Louisiana Workers’ Compensation Law.
 

 (b) Repealed by Acts 2003, No. 616, § 1.
 

 (c) Benefits under disability benefit plans in the proportion funded by an employer.
 

 
 *273
 
 (d) Any other workers’ compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit, so that the aggregate remuneration from Sub-paragraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
 

 It is well established in our jurisprudence that La.Rev.Stat. 28:1225(0(1) is a restriction on an injured employee’s right to workers’ compensation benefits and must be strictly construed.
 
 Jones v. General Motors Co.,
 
 03-1766, p. 12 (La.4/30/04), 871 So.2d 1109, 1117 (citing
 
 Cousins v. City of New Orleans,
 
 608 So.2d 978, 981 (La.1992));
 
 See also Taylor v. J.C. Penney,
 
 06-1520 (La.App. 4 Cir. 5/23/07), 959 So.2d 549, 557. An employer seeking credit for benefits covered by the statute has the burden of proving both entitlement to and the amount of the credit.
 
 Id.
 

 In calculating an offset, the trier of fact must (1) determine the claimant’s average weekly wage and (2) determine the total remuneration from the workers’ compensation benefits and the other identified benefits as set forth in La.Rev.Stat. 23:1225(0(1).
 
 Pace v. City of New Orleans,
 
 99-1661, p. 4 (La.App. 4 Cir. 4/19/2000), 761 So.2d 602, 605. As explained by the Supreme Court in
 
 Jones,
 
 “if the total remuneration contemplated in Section 1225(C)(1) exceeds 66 2/3 percent of a worker’s average weekly wage, the employer is allowed to reduce its workers’ compensation obligation in an amount equal to the excess benefits. The jurisprudence has held that the benefits can only be reduced to the level of 66 2/3 percent of the average weekly wage.”
 
 Jones,
 
 03-1766 at p. 10, 871 So.2d at 1116.
 

 Inin finding that defendants failed to carry their burden of proving entitlement to an offset in the present case, the OWC judge stated in reasons for judgment:
 

 From May 11, 2005, through November 30, 2005, Mr. Stanich received $416.00 per week from Defendant. From May 11, 2005, through October 31, 2005, Mr. Stanich received supplemental earnings benefits from the Opera in the amount of $779.49 per month, approximately $194.87 per week. Pending approval of the Opera settlement, Mr. Stanich received $773.00 from November 1, 2005, through November 30, 2005, from the Opera. Mr. Stanich’s average weekly wage was $1,220.00, thus, sixty six and two thirds percent of that sum is $813.33 per week. When the benefits from the Opera ($194.87 per week) are added to the temporary total disability benefits Defendant paid ($416.00 per week), Mr. Stanich was receiving approximately $610.87 per week from the combined sources. This sum is less than sixty six and two thirds percent of his wages. Therefore, Defendant is not entitled to a credit or offset of the benefits paid by the Opera for the periods of May 11, 2005, through November 30, 2005.
 

 Because it is Defendant’s burden in this case to prove that it is entitled to the offset or credit, Defendant is additionally not entitled to an offset or credit against the $40,000.00 settlement because it failed to establish what sums, if any, were for indemnity benefits as opposed to medical or other benefits afforded under the Louisiana Workers’ Compensation Act. Therefore, it is impossible to determine if any such payment exceeded sixty six and two thirds percent of Mr. Stanich’s average weekly wage, and Defendant failed to carry its burden.
 

 
 *274
 
 After reviewing the record, we find no error on the part of the OWC judge in finding that the combined weekly benefits received by Mr. Stanich was less than sixty-six and two-thirds percent of his average weekly wage. The parties stipulated that Mr. Stanich’s average weekly wage at the
 
 time of
 
 the first accident was $1,220.00. It is also undisputed that from May 11, 2005, until November 30, 2005, Mr. Stanich received a total of $610.87 per week from both compensation claims. As this amount does not exceed sixty-six and two-thirds of $1,220.00 (which is $813.33, as the OWC noted), defendants are not entitled to an offset pursuant to La.Rev. Stat. 23:1225.
 

 17We further find that the OWC judge correctly determined that defendants failed to cany them burden of proving entitlement to an offset of the $40,000.00 lump sum settlement. During cross examination, Mr. Ellinghausen testified as follows:
 

 Q. The settlement of Mr. Stanich’s claim, from your testimony, am I correct in understanding that there is no designation of the settlement of a certain amount being for compensation benefits and a certain amount being for medicals?
 

 A. Correct. There was one lump sum settlement.
 

 Q. So there is no way for us to know how that settlement is broken down as far as compensation and medicals, correct?
 

 A. Yes. Paragraph 8 basically says it’s for all temporary and permanent, total and partial medical expenses, and everything lump sum of $40,000.00.
 

 (Tr. p. 20)
 

 Based on the above testimony, it is evident that defendants did not prove what portion of the lump sum settlement was attributed to indemnity benefits and what portion was attributed to medical benefits. Mr. Ellinghausen testified that none of the compensation payments made to Mr. Sta-nich prior to the lump sum settlement were designated as medicals. Therefore, it is conceivable that some, if not all, of the $40,000.00 represented medical benefits; however, the evidence is unclear. Accordingly, defendants did not prove their claim for an offset or credit from the lump sum settlement.
 

 Conclusion
 

 There is no manifest error in the Office of Workers’ Compensation’s determination that Mr. Michael Stanich did not violate La.Rev.Stat. 23:1208. Furthermore, there is no manifest error in the court’s determination that Defendants / Appellants Canal Entertainment, and its workers’ compensation | ¡¡gamier, American International Group Claim Service, Inc., are not entitled to an offset of worker’s compensation benefits under La.Rev.Stat. 23:1225.
 

 For the foregoing reasons, the judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Other aspects of the March 2, 2009 judgment, regarding Mr. Stauich’s claims for mileage reimbursement, penalties, and attorneys’ fees, are not at issue in this appeal.