# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-707

**ROYD MENARD**

**VERSUS**

**IBERIA PARISH SHERIFF'S OFFICE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 9,
PARISH OF IBERIA, NO. 09-09340
HONORABLE ELIZABETH LANIER, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Charles L. Dirks, III, Attorney at Law**
**429 Government Street**
**Baton Rouge, LA 70821**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Royd Menard**

**G. Edward Williams, Jr., Attorney at Law**
**David Clay Clarke, Attorney at Law**
**850 Kaliste Saloom Road, Suite 117**
**Rampart Building**
**Lafayette, LA 70505**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Sheriff Louis Ackal, in his offical capacity as Sheriff of Iberia Parish,**
    **and CCMSI**

**PAINTER, Judge.**

Plaintiff, Royd Menard, appeals the dismissal of his claim for supplemental earnings benefits (SEB) on Defendant's exception of prescription. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In March of 2004, Royd Menard was hired as a Deputy Sheriff by the Iberia Parish Sheriff's Office. Menard alleges that he injured his left knee when he fell on a broken sidewalk in the course and scope of his employment on January 31, 2005, while he was transporting a prisoner to the New Orleans Charity Hospital. Defendants deny that there was a work-related injury. In any event, Menard had knee surgery on his left knee on March 14, 2005. He was released to light duty in May 2005. He returned to full duty in October 2005. Menard received total temporary disability (TTD) benefits from the date of his alleged injury until he returned to work at full duty in October 2005. On November 29, 2005, Menard alleges that he suffered another work-related injury, this time to his right knee, as he got out of a chair to intervene in a fight. Menard received TTD benefits from December 14, 2005, through November 14, 2006. In December 2006, Menard was released to light duty and worked as a gate guard until March 2007 when he found other employment at Angelle Concrete and voluntarily left the employ of the Iberia Parish Sheriff's Office. He was laid off by Angelle Concrete in January 2009.

Menard had another knee surgery on June 9, 2009, and made a claim for SEB against the Iberia Parish Sheriff's Office by filing an LWC-WC-1008 form and mailing it OWC District 4 (Lafayette Parish) office on November 5, 2009. On November 16, 2009, Judge Sharon M. Morrow ordered the claim transferred to OWC District 9 (Iberia Parish). Once the Iberia Parish Sheriff's Office was served, it filed an answer and asserted an exception of prescription. A hearing was held via telephone on the exception of prescription on February 3, 2011, and the exception was

denied. Defendant refiled its exception of prescription, and a hearing was held on March 22, 2011, at which documentary evidence and affidavits were received. The WCJ granted the exception and dismissed Menard's claim with prejudice. Menard now appeals, asserting that the WCJ erred: (1) in finding that the filing of the 1008 on November 5, 2009, did not interrupt the prescription of his claim for SEB; (2) in concluding that the prescription of his claim for SEB was interrupted on November 16, 2009, the date venue was transferred from District 4 to District 9; and (3) in concluding that prescription began to run on his claim for SEB on November 10, 2006[1], the day his last TTD benefits check was mailed to him, as opposed to November 14, 2006, the last date through which benefits were paid.

## DISCUSSION

Menard asserts that we should review this matter as a question of law where our review is simply to determine whether the trial court was legally correct. However, we note that evidence and affidavits were introduced into evidence at the hearing.

> If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, through DOTD*, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*, 617 So.2d at 882-83.

*Rando v. Anco Insulations, Inc.*, 08-1163, p. 20 (La. 5/22/09), 16 So.3d 1065, 1082. Thus, the proper standard of review in this case is the manifest error-clearly wrong standard.

We must first address the issue of venue in order to determine whether Menard's filing of his complaint in District 4 interrupted prescription. Menard asserts that La.R.S. 23:1310 and 1310.3 place the burden and/or responsibility for assigning the matter to a district on the OWC such that his filing in District 4 should have

---

[1] Menard asserts that the check was paid on November 9, 2006, but the record reflects that the check was issued on November 9 and mailed on November 10.

2

interrupted prescription. Defendants, on the other hand, assert that claimants must either file with the OWC in Baton Rouge (to have it assigned to a proper district) or in a district of proper venue in order to interrupt prescription. We note that Menard did not mail his form to the OWC in Baton Rouge. Menard resided in Iberia Parish at the time of the alleged accident, the employer was located in Iberia Parish, and the alleged accident occurred in Iberia Parish. Iberia Parish, District 9, was the only parish of proper venue, and Menard's filing in Lafayette Parish, District 4 did not interrupt the prescription of his claim for SEB. We agree with the WCJ that prescription was not interrupted until November 16, 2009, the date venue was transferred from District 4 to District 9. *See* La.R.S. 23:1310(A); 1310.3(B).

We must next determine when prescription on the claim for SEB begins to run: the date on which the last indemnity payment was mailed to claimant, November 10, 2006, or the date through which the last benefits were paid, November 14, 2006. Louisiana Revised Statutes 23:1209(A)(2) provides "[w]here such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4)." Defendants contend that this means Menard's claim for SEB had to be filed by November 10, 2009. Menard argues, however, that when a payment is made prospectively, prescription cannot begin to run until the last date through which the benefits are paid since no dispute arises during the period for which benefits are being paid.

The WCJ relied on *Bertrand v. Patterson Truck Line*, 138 So.2d 663 (La.App. 3 Cir. 1962), and the "mailbox rule" to determine that final payment is made on the date that payment is mailed. Therefore, according to La.R.S. 23:1209(A)(2), prescription for SEBs begins at the time the last payment is mailed, even though the payment may

3

include a period beyond that date. We agree with the WCJ that La.R.S. 23:1209(A)(2) does not refer to the last day that the benefit was due or to the expiration of the benefits period but specifically states that the limitation begins at the time that the last payment is made. Thus, prescription on Menard's claim began to run on November 10, 2006, and his filing in the wrong venue did not interrupt that prescription.

## DECREE

For all of the foregoing reasons, the granting of the exception of prescription is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Royd Menard.

**AFFIRMED.**