# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1247

STATE, OFFICE OF RISK MANAGEMENT,
LOUISIANA DEPARTMENT OF TRANSPORTATION
& DEVELOPMENT

VERSUS

PATRICK RICHARD

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 11-00825
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

## AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

Michael B. Miller
Miller & Miller
Post Office Box 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
Counsel for Defendant/Appellant:
    Patrick Richard

**Sylvia M. Fordice**
**Louisiana Department of Justice**
**Division of Risk Litigation**
**Assistant Attorney General**
**556 Jefferson Street, Fourth Floor**
**Lafayette, Louisiana  70501**
**(337) 262-1700**
**Counsel for Plaintiff/Appellee:**
      **State, Office of Risk Management, Louisiana Department of Transportation**
      **& Development**

**KEATY, Judge.**

Employee appeals from a judgment rendered by the workers' compensation's judge (WCJ) denying his exception of prescription and finding that his employer is entitled to a $224.05 per week offset/credit against his workers' compensation benefits until he converts to regular retirement benefits, retroactive to April 21, 2007, and until his employer recoups its overpayment. Employee further appeals from a judgment denying his motion for new trial. For the following reasons, we affirm in part, reverse in part, and render.

## FACTS AND PROCEDURAL BACKGROUND

Defendant, Patrick Richard (Richard), was an employee of the State of Louisiana, through the Department of Transportation and Development (DOTD). On September 20, 2005, he was injured in the course and scope of his employment with DOTD. After Richard's injury, he was paid temporary total disability workers' compensation benefits by Plaintiff, State of Louisiana, the Office of the Governor, Division of Administration, Office of Risk Management (State); however, he turned over his workers' compensation benefits checks to the State and used his accrued vacation and sick leave in order to continue to receive his regular salary.

Richard retired on April 20, 2007, and began receiving disability retirement benefits from the Louisiana State Employees' Retirement System (LASER'S). Upon his retirement, he began retaining his workers' compensation benefits for the first time. More than three years later, on January 31, 2011, the State filed a 1008 Disputed Claim for Compensation (1008) and a Petition for Offset of Disability Retirement Benefits pursuant to La.R.S. 23:1225(C)(1),[1] in which the State sought

---

[1] This statute "provides for an offset jof workers' compensation benefits when other specified benefits are also being received by the employee." *Stanich v. Canal Entm't*, 09-707, p. 4 (La.App. 4 Cir. 11/12/09), 26 So.3d 269, 272.

reimbursement for the workers' compensation benefits Richard had retained after he began receiving disability retirement benefits. Richard responded to the State's petition by filing an exception of prescription wherein he asserted that the State's claim for reimbursement of benefits had prescribed. Both the hearing on the exception of prescription and the trial of the State's petition for offset were set for hearing on March 5, 2012. Following the hearing, the WCJ took the matter under advisement and set a date for the parties to file post-trial memoranda. On March 28, 2012, the WCJ issued an oral ruling in the matter. The WCJ denied the exception of prescription and granted the State an offset in the amount of $224.05 per week until Richard converts to regular retirement benefits at sixty years of age. The State was granted an offset in the amount of $224.05 per week retroactive to April 21, 2007. The WCJ also ruled that Richard's future indemnity benefits were suspended until all overpayments were recouped by the State. The WCJ signed a written judgment in the substance of the oral reasons on May 1, 2012. Richard filed a motion for new trial which the WCJ denied after a contradictory hearing.

Richard now appeals, contending that the WCJ erred: (1) in failing to grant his exception of prescription; (2) in granting the State an offset against his indemnity benefits; and (3) in failing to grant his motion for new trial.

## DISCUSSION

### I. Exception of Prescription

"In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court's finding of fact was manifestly erroneous." *Taranto v. La. Citizens Prop. Ins. Corp.*, 10-105, p. 5 (La. 3/15/11), 62 So.3d 721, 726. Similarly, "[i]f evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review."

2

*Menard v. Iberia Parish Sheriff's Office*, 11-707, p. 2 (La.App. 3 Cir. 12/7/11), 77 So.3d 1090, 1092, *writ denied,* 12-73 (La. 3/9/12), 84 So.3d 553 (quoting *Rando v. Anco Insulations, Inc.,* 08-1163 (La. 5/22/09), 16 So.3d 1065).

Louisiana Revised Statutes 23:1225 (hereafter sometimes referred to as "the offset statute") provides, in pertinent part, as follows:

> C. (1) If an employee receives remuneration from:
>
> . . . .
>
> (d) Any other workers'compensation benefits,
>
> then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
>
> . . . .
>
> (3) If an employee is receiving both workers' compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers' compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.

"It is well established in our jurisprudence that La.Rev.Stat. 23:1225(C)(1) is a restriction on an injured employee's right to workers' compensation benefits and must be strictly construed." *Stanich*, 26 So.3d at 273. "An employer seeking credit for benefits covered by the statute has the burden of proving both entitlement to and the amount of the credit." *Id.* "In calculating an offset, the trier of fact must (1) determine the claimant's average weekly wage and (2) determine the total remuneration from the workers' compensation benefits and the other identified benefits as set forth in La.Rev.Stat. 23:1225(C)(1)." *Id.*

3

The offset statute does not provide a prescriptive period within which an employer must file a petition for offset. After reviewing the jurisprudence, we have found no cases addressing this issue. Thus, we are presented with what appears to be a res nova issue in Louisiana.

Both Richard and the State contend that La.R.S. 23:1209 supplies the prescription period applicable to this dispute. Louisiana Revised Statutes 23:1209(A)(2) provides:

> Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).

Richard submits that La.R.S. 23:1209 deals specifically with claimants and does not directly address the prescription for causes of actions by the employers/insurers, i.e., the State. However, Richard argues the three-year time limit set forth in La.R.S. 23:1209 for indemnity benefits should be applicable to both the employee and employer. Richard contends that the State had constructive and actual knowledge of its cause of action in 2007, as evidenced by State's Exhibit 1, which was accepted into evidence.[2] Since the State did not assert its claim for an offset within three years of 2007, Richard contends the State's claim prescribed.

The State contends that its claim seeking an offset against the disability retirement benefits paid to Richard was timely filed, contending as follows in its appellee brief to this court:

---

[2] Exhibit 1 is correspondence dated August 3, 2007, from a State Risk Claims Adjuster Tara Shelton to LASER'S noting that the State was paying workers' compensation benefits to Richard, that it had been advised that Richard was receiving a disability retirement, and that the State "may be entitled to an offset."

4

It is reasonable to conclude that an injured worker is paid workers' compensation benefits before deciding that his work related injury will lead to his retirement. Thus, the receipt of disability retirement benefits normally would commence only after workers' compensation benefits have started. Once payments have commenced, the termination of benefits triggers the running of prescription. Since Richard's benefits were being paid at the time the claim was filed, prescription would not have begun to run on any claims he would have filed.

Moreover, the State submits that if equal treatment were afforded to the employer, the prescriptive period for it to seek an offset would likewise not have begun to run.

The language of La.R.S. 23:1209 does not rely upon whether the employer has knowledge that it has a right to file a claim. Instead, the right to file a claim in this case relies upon when "the last payment," if any, has been made and when the claim is actually filed. The record shows that at the time the State filed its claim on January 31, 2011, Richard had been receiving both workers' compensation indemnity and retirement disability payments since April 1, 2007. There was no discontinuation of either of those benefits at the time the State filed its claim. Since "the last payment" had not been made as of January 31, 2011, the State's claim to offset the indemnity benefits against the disability retirement benefits had not prescribed. The WCJ's finding was not manifestly erroneous in this regard.

## II.   Offset

Richard submits that although the offset statute allows an employer to reduce workers' compensation benefits if the employer is also providing disability benefits according to a plan, in the proportion paid by the employer, no reduction is allowed when "there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit." *See* La.R.S. 23:1225(C)(1)(d). Richard contends that around the time that he retired in

April of 2007, he was told by Lynn Dodge (Dodge),[3] a State employee that his receipt of disability retirement benefits would not have an effect on his workers' compensation benefits. More specifically, Richard testified that he asked Dodge, "Will this workman's comp affect my retirement?" and she answered, "Nope. That's two different departments." Arguing that the assurance made to him by Dodge amounted to "an agreement to the contrary" between him and the State, Richard contends that the State is precluded from enforcing any reduction against him in accordance with the offset statute. Richard submits that he had "good reason to believe that Ms. Dodge was acting within the scope of her authority," and that, as an unrepresented employee, he could not be expected to the know the intricacies of the Louisiana Workers' Compensation Laws or that the State might be entitled to claim it was due an offset. Richard further contends that the State's act of paying him workers' compensation benefits for more than three years after he retired was a form of acknowledgment that it owed him the benefits paid and is wholly inconsistent with the State's recently asserted claim that it is due a credit retroactive to when he retired.

In opposition, the State attempts to minimize the effect of Richard's conversation with Dodge, claiming that the extent of his contact with Dodge was his signing of papers. The State points out that Richard is unsure of Dodge's position or authority and that he failed to prove that there was a duty on the part of Dodge to advise Richard on the law as it relates to intricacies arising out of the juxtaposition of disability retirement and workers' compensation law. Thus, the State alleges Richard failed to prove by a preponderance of evidence that an

---

[3] At trial, Richard testified that Dodge was the DOTD employee "that takes care of insurance and retirement."

6

agreement existed between the parties that no reduction in indemnity benefits would be made by the State.

Neither Richard nor the State submits any jurisprudence in support of their arguments regarding this issue. Nevertheless, we find the following case helpful to our analysis. In *Fontenot v. Houston General Insurance Co.*, 467 So.2d 77, 80 (La.App. 3 Cir. 1985), this court held that the defendants were "estopped to plead prescription with regard to plaintiff's claim for medical benefits" where the plaintiff, a State employee, was "lulled into complacency by the representations made by the State's representative." In *Fontenot*, the evidence showed that a State safety inspector "had assured the plaintiff that all he needed to do to maintain his right to receive medical payments was to go to his doctor at least once a year" and that the plaintiff "relied on this representation." *Id.* The evidence further showed that the State failed to notify the plaintiff of a change in its billing procedures. We held that "[g]iven that plaintiff was already relying on representations made by a representative of the State," the State's failure to notify the plaintiff of the change "was a serious act of omission." *Id.*

According to his appellant brief, Richard was not represented by counsel at the time he retired; he hired an attorney only after the State filed its petition for offset. While the State downplays the significance of Richard's conversation with Dodge, it does not dispute that the conversation took place, that Dodge was its employee, or that Richard only signed papers with Dodge when he retired, and that Richard did not speak with anyone from LASERS about his retirement. Considering the assurances that Richard received from Dodge, along with the State's continuing to pay him both workers' compensation benefits and disability retirement benefits for over three years, while acknowledging that it might be entitled to an offset, we conclude that the State is estopped from claiming that it is

owed an offset under La.R.S. 23:1225. Thus, the WCJ committed manifest error in finding that the State was entitled to an offset.

## III.  Motion for New Trial

Our finding that the WCJ erred in granting the State an offset against the workers' compensation benefits it was paying Richard renders moot Richard's claim that the WCJ erred in failing to grant his motion for new trial.

## DECREE

For the foregoing reasons, the portion of the WCJ's judgment ordering that the State of Louisiana, the Office of the Governor, Division of Administration, Office of Risk Management, is entitled to an offset against Patrick Richard's workers' compensation benefits is reversed as the State is estopped from asserting that it overpaid Patrick Richard. In all other respects, the judgment is affirmed. In accordance with La.R.S. 13:5112, costs of this appeal in the amount of $445.00 are assessed against the State of Louisiana, the Office of the Governor, Division of Administration, Office of Risk Management.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**