PER CURIAM.
Bin this workers’ compensation matter, we are called upon to decide whether the court of appeal erred in finding the employer is estopped from claiming an offset of workers’ compensation benefits. For the reasons that follow, we conclude the court of appeal incorrectly applied the law. Accordingly, we reinstate the judgment of the Office of Workers’ Compensation granting the employer an offset.
FACTS AND PROCEDURAL HISTORY
On September 25, 2005, Patrick Richard sustained a work-related injury during the course of his employment with the State of Louisiana, Department of Transportation and Development (“DOTD”). After Mr. Richard’s injury, DOTD began paying him workers’ compensation benefits.[1]
*400 Mr. Richard took disability retirement on April 20, 2007. Upon retiring, Mr. Richard spoke with Lynn Dodge, a DOTD employee, about the effect his receipt of workers’ compensation benefits would have on his disability retirement benefits. |2In his subsequent testimony, Mr. Richard described his conversation with Ms. Dodge as follows:
Q. Okay. Did you talk to her about your retirement?
A. Yes, sir. I asked her, I said, “will this workman’s comp affect my retirement?” She said, “Nope. That’s two different departments.”
Thereafter, Mr. Richard began simultaneously receiving disability retirement benefits through the Louisiana State Employees Retirement System (“LASERS”), and workers’ compensation benefits through DOTD. In August 2007, DOTD informed Mr. Richard it had been overpaying him for workers’ compensation benefits.
On January 31, 2011, DOTD filed a disputed claim for compensation, seeking an offset pursuant to La. R.S. 23:1225(C)(1). In response, Mr. Richard filed an exception of prescription, arguing DOTD’s claim for reimbursement was subject to a three-year prescriptive period.
The matter proceeded to a trial before the Office of Workers’ Compensation (“OWC”). The OWC denied Mr. Richard’s exception of prescription. The OWC further held DOTD is entitled to an offset of $224.05 per week as of April 21, 2007, until Mr. Richard converts to regular retirement benefits at age 60.
Mr. Richard appealed. The court of appeal affirmed in part and reversed in part. State, Office of Risk Management v. Richard, 12-1247 (La.App. 3 Cir. 3/20/13), 112 So.3d 936. The court of appeal affirmed the judgment of the OWC denying Mr. Richard’s exception of prescription. However, the court found the OWC erred in holding DOTD was entitled to an offset of workers’ compensation benefits. In reaching this conclusion, the court explained, “[cjonsidering the assurances that Richard received from Dodge, along with the State’s continuing to pay him both |sworkers’ compensation benefits and disability retirement benefits for over three years, while acknowledging that it might be entitled to an offset, we conclude that the State is estopped from claiming that it is owed an offset under La. R.S. 23:1225.” 12-1247 at p. 7, 112 So.3d at 941. Accordingly, the court of appeal reversed the judgment of the OWC on this point, and held DOTD was estopped from claiming it overpaid benefits to Mr. Richard.
Upon DOTD’s application, we granted certiorari to review the correctness of that decision. State v. Richard, 13-C-0890 (La.6/21/13), 118 So.3d 404. The sole issue presented for our consideration is whether DOTD is entitled to an offset of workers’ compensation benefits under La. R.S. 23:1225.[2]
DISCUSSION
The statutory authority providing for an offset of workers’ compensation benefits is set forth in La. R.S. 23:1225(0(1), which provides in pertinent part:
C.(l) If an employee receives remuneration from:
[[Image here]]
(c) Benefits under disability benefit plans in the proportion funded by an employer.
*401 (d) Any other workers’ compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit, so that the aggregate remuneration from Sub-paragraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage, [emphasis added]
 An employer seeking credit for benefits covered by the statute has the burden of proving both entitlement to and the amount of the credit. Jones v. General Motors Co., 03-1766, p. 12 (La.4/30/04), 871 So.2d 1109, 1117; Matthews v. City of Alexandria, 619 So.2d 57, 60 (La.1998). In the instant case, DOTD produced undisputed evidence that Mr. Richard was receiving both disability retirement and workers’ compensation benefits. Therefore, we find DOTD satisfied its burden of proving it is entitled to the statutory offset.
Nonetheless, Mr. Richard argues La. R.S. 23:1225(C)(l)(d) contains an exception providing the employer is not entitled to the offset, if “there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit....” Mr. Richard submits he relied on Ms. Dodge’s statement that his disability retirement would not affect his workers’ compensation benefits.
In accepting Mr. Richard’s argument, the court of appeal acknowledged there was no jurisprudence directly on point. Nonetheless, the court of appeal analogized this case to Fontenot v. Houston General Insurance Co., 467 So.2d 77 (La.App. 3 Cir.1985), wherein the plaintiff was injured in the course and scope of his employment, and subsequently received medical payments from his employers’ workers’ compensation insurer. After the accident, a safety inspector for the employer assured the plaintiff that all he needed to do to maintain his right to medical payments was to go to the doctor at least once a year. As a result, the plaintiff continued to visit his doctor every six months for several years, until he received a bill from his doctor informing him the workers’ compensation insurer failed to pay his medical bills for several years. The plaintiff then made an inquiry with his employer, who informed him his claim for medical payments had expired. As a result, the plaintiff filed a disputed claim for compensation. The employer filed an exception of prescription, which the OWC denied. The court of appeal affirmed, ^explaining, “[t]here is no doubt that plaintiff was lulled into complacency by the representations made by the State’s representative.” Fontenot, 467 So.2d at 80.
We find the court of appeal’s reliance on Fontenot is misplaced. Without passing on the correctness of the Fontenot holding, we observe that decision was based on facts which arose prior to the codification of the detrimental reliance doctrine in La. Civ.Code art. 1967. That article now provides:
Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee’s reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable, [emphasis added]
*402 To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one’s detriment because of the reliance. Suire v. Lafayette City-Parish Consolidated Government, 04-1459 at p. 31 (La.4/12/05), 907 So.2d 37, 59. The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. Id. However, it is difficult to recover under the theory of detrimental reliance, because estoppel is not favored in Louisiana law. Doss v. Cuevas, 07-1803 at p. 4 (La.App. 1 Cir. 3/26/08), 985 So.2d 740, 743; May v. Harris Management Corp., 04-2657 at p. 6 (La.App. 1 Cir. 12/22/05), 928 So.2d 140, 145.
We do not find Mr. Richard established that his reliance on any purported representation by Ms. Dodge was reasonable. Mr. Richard’s testimony reveals he did 16not know Ms. Dodge’s title, nor did he know what she actually did at DOTD. Additionally, Mr. Richard admitted he did not perform any further investigation, such as speaking with a LASERS representative, or consulting the rules for disability retirement.
Moreover, nothing in Ms. Dodge’s conversation with Mr. Richard should have caused him to believe his workers’ compensation benefits would not be reduced as a result of his decision to take disability retirement. Rather, Mr. Richard asked her “will this workman’s comp affect my retirement” [emphasis added]. Ms. Dodge’s negative response to this question would not cause a reasonable person to believe his workers’ compensation payments would not be reduced.
Considering the facts of this case, we find the court of appeal erred in holding DOTD was estopped from claiming that it is owed an offset under La. R.S. 23:1225. Likewise, we find no evidence of any agreement for purposes of La. R.S. 23:1225(C)(l)(d) which would prohibit DOTD from reducing Mr. Richard’s workers’ compensation benefits. See Jones v. General Motors Corp., 03-1766, p. 12 (La.4/30/04), 871 So.2d 1109, 1118 (holding that contracts between employers and employees concerning wage-loss benefits are not prohibited; however, an agreement which waives or alters statutorily established rights must be clear and unambiguous).
Finally, Mr. Richard argues that even if the court of appeal erred in finding DOTD is not estopped from raising the offset issue, the court of appeal still reached the correct result in dismissing the offset claim, because DOTD failed to prove it was entitled to an offset.[3] Mr. Richard contends La. R.S. 23:1225(0(1) and (C)(3) should |7be read together, so as to require any reduction of workers’ compensation benefits under paragraph (1) be made pursuant to plan provisions, and subject to a plan providing for a reduction of disability benefits. He claims DOTD failed to introduce the plan provisions of its retirement policy, and therefore failed to prove it was entitled to an offset.
*403 We see no merit to Mr. Richard’s argument. La. R.S. 23:1225(0(3) applies to situations where there is a “plan providing for reduction of disability benefits.” DOTD does not seek a reduction of disability retirement benefits, but instead seeks a reduction of workers’ compensation benefits. DOTD further produced evidence supporting the offset in the form of testimony from its actuary, Charles G. Hall. The OWC used this evidence to determine the employer-funded portion of Mr. Richard’s monthly disability retirement benefit, and used this number to compute the weekly offset. The OWC’s findings are supported by the record, and are not clearly wrong.
In summary, we see no manifest error in the OWC’s conclusion that DOTD was entitled to an offset, nor do we see any error in the OWC’s calculation of the offset. Accordingly, we will reinstate the judgment of the OWC.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it holds the State of Louisiana, Department of Transportation and Development is not entitled to offset pursuant to La. R.S. 23:1225(0(1). The judgment of the Office of Workers’ Compensation is hereby reinstated and affirmed.

. Mr. Richard, however, agreed to forego receiving these benefits, and used his accrued vacation and sick leave in exchange for DOTD's continued payment of his regular salary.

. Mr. Richard did not seek review of the judgment of the court of appeal affirming the denial of his exception of prescription. Accordingly, the issue of prescription is not before this court, and will not be discussed in this opinion.

. We note Mr. Richard did not file an application for writs in this court, and is therefore prevented from seeking affirmative relief in this court. However, pursuant to La.Code Civ. P. art. 2133(B), he "may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.” Therefore, Mr. Richard is entitled to argue the court of appeal reached the correct result in reversing the offset, although based on different grounds than those cited by the court. See Logan v. Louisiana Dock Co., Inc., 541 So.2d 182 (La.1989); Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987) (on rehearing).