| BELINDA LASALLE | * | NO. 2025-CA-0295 |
| VERSUS | * | COURT OF APPEAL |
| HONORABLE CHELSEY R. NAPOLEON, IN HER | * | FOURTH CIRCUIT |
| OFFICIAL CAPACITY AS | * | STATE OF LOUISIANA |
| CLERK OF COURT FOR THE CIVIL DISTRICT COURT FOR | * | |
| THE PARISH OF ORLEANS | | |
| | * | |

\* \* \* \* \* \* \*

*JCL*

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent. The majority affirms the district court's dismissal of Deputy Clerk Belinda Lasalle's claim on the ground that her reliance on the former Clerk of Court's representations was unreasonable as a matter of law. In my view, that conclusion misapplies both the doctrine of detrimental reliance under La. C.C. art. 1967 and the unique equities of this case. A 35-year employee of the Orleans Parish Clerk's Office acted in good faith under the express assurances of her superior, assurances that counsel for the Clerk's Office had vetted and that formed the basis for a written agreement prepared by the Clerk's Office on that understanding.

Appellate courts review a trial court's factual findings under the manifest error/clearly wrong standard of review. *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. "However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard of review is no longer applicable, and if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence." *Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So.2d 731, 735. In this case, I find the district court fails to give effect to the

equitable principles codified under La. C.C. art. 1967 such that this Court owes no deference to district court's factual findings and must conduct an independent review of the record. *Morris v. Friedman*, 94-2808 (La. 11/27/95), 663 So.2d 19, 25-26 (conducting an independent review of the reasonableness of the promisee's reliance under La. C.C. art. 1967).

This case does not involve a retiree who sought to manipulate the limits of La. R.S. 11:1513. Rather, it involves a lifelong public servant who in good faith relied upon the official statements and formal conduct of her appointing authority, a constitutional officer acting within her administrative capacity. The record is undisputed that: (1) the former Clerk of Court solicited Lasalle's return to service in 2015 to address personnel shortages; (2) the Clerk's Office, after consultation with and advice of its attorney, drafted and executed a written contract designating her as an "independent contractor," and ceased reporting her hours to the Clerk's Retirement Fund; and (3) Lasalle performed work under that agreement for five years without objection or notice from any authority until the Retirement Fund unilaterally declared her non-compliant in 2020.

The district court found, and the majority agrees, that Lasalle "should have contacted the Retirement Fund herself." But detrimental reliance exists precisely to protect those who reasonably act on another's representations when independent verification is neither customary nor expected. *See Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, p. 31-32 (La. 4/12/05), 907 So.2d 37, 59 (citing *Morris v. People's Bank & Trust Co. of Natchitoches*, 580 So.2d 1029, 1036 (La. App. 3rd Cir. 1991) (the focus is not on the intent to be bound but, instead, "whether a representation was made in such a manner that the promisor should have expected the promissee to rely upon it"). In a hierarchical public office where employees take direction from the elected Clerk, it is neither realistic nor fair to impose on a

retired deputy the duty to second-guess her superior's legal interpretation, especially where the superior has obtained independent legal advice.

Louisiana jurisprudence recognizes that even when a promise is later determined to be contrary to statute or unenforceable, recovery in detrimental reliance may still lie where the promisee's reliance was induced by official authority and not tainted by bad faith. *See e.g.*, *Suire,* 04-1459 at p. 32, 907 So.2d at 59 (adequate summary judgment proof of actual reliance on City's representations to repair property damage resulting from construction project); *Cuccia v. Bd. of Zoning Adjustments of/and the Parish of Jefferson*, 07-152 (La. App. 5 Cir. 7/30/07), 966 So.2d 611, 616 (finding homeowner acted in good faith reliance after multiple interactions with permitting authority and issuance of building permit); *Cf., Ellsworth v. City of New Orleans*, 13-0084, p. 16-17 (La. App. 4 Cir. 7/31/13), 120 So.3d 897, 907 (plaintiff's reliance on building permit was unreasonable where permit was based on plaintiff's misrepresentations and work exceeded scope of permit); *see also Menzie Tile Co., Inc. v. Prof. Ctr.*, 594 So.2d 410, 418 (La. App. 1st Cir. 1991) (reliance on representations that sufficient funds existed to complete project was reasonable given the reputation of the firms involved and the status of the individuals who made the assurances). The doctrine functions in equity, not in strict legality. To hold otherwise is to transform La. C.C. art. 1967 into an empty formality whenever a statute is later interpreted differently, which is a result inconsistent with its purpose to prevent injustice.

Moreover, the majority's reliance on *La. Office of Risk Mgmt. v. Richard*, 13-0890 (La. 10/15/13), 125 So.3d 398, is misplaced. In *Richard*, the employee received informal assurances from a coworker and undertook no effort to verify benefits available through a public system designed for individual inquiry. The Louisiana Supreme Court held that the employee was not justified in relying on a coworker's assurances without knowing her title within the agency or what her job

duties were. *Id.* at 13-0890, p. 5-6, 125 So.3d at 402. In the case *sub judice*, the "assurance" was an official act of the appointing authority herself that was reduced to writing and relied upon by multiple parties within a public institution.

Finally, the equities are compelling. Deputy Clerk Lasalle dedicated her career to public service, retired in good standing, and returned at the request of her office. She performed needed work, received no windfall, and was later required to repay nearly $90,000 for having relied in good faith on her employer's words and contract. The law of detrimental reliance was enacted for such cases, where literal application of a statute without equitable consideration offends both fairness and common sense.

For the reasons assigned, I would reverse the judgment of the district court and render judgment in favor of appellant Belinda Lasalle on her claim for detrimental reliance under La. C.C. art. 1967. Therefore, I respectfully dissent.