STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-259


LINDA ANDERSON

VERSUS

KROGER #747, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 10-05875
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters, Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

Peters, Judge, concurs in the result.


AFFIRMED IN PART AS AMENDED AND REMANDED.


Marcus Miller Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, LA 70605
(337) 474-1644
COUNSEL FOR PLAINTIFF/APPELLEE:
    Linda Anderson

**Joseph Richard Pousson, Jr.**
**Plauche', Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Kroger #747**
 **Sedgwick CMS**

**GREMILLION, Judge.**

The Kroger Company and its workers' compensation administrator, Sedgwick CMS, appeal the judgment in favor of the claimant, Linda Anderson. For the reasons that follow, we affirm in part as amended and remand for further proceedings.

## FACTS

On May 31, 2010, Anderson was employed in the meat department at Kroger's store number 747 in Sulphur, Louisiana, when she claims she tore her rotator cuff while stocking the meat coolers. Her job required that she lift forty-pound boxes of meat from a pallet onto a cart and then place the meat in the coolers. Anderson began to experience pain in her shoulder that day and testified that she notified her immediate supervisor, Mr. Tannis Fruge, that she was unable to perform a work task because of her pain.

Anderson continued to work for about two weeks by adjusting how she performed her tasks. On June 14, 2010, though, Anderson sought medical attention from Mary Beth Neeley, a nurse practitioner in the office of Anderson's family physician, Dr. Akbar Khan. Neeley ordered an MRI of Anderson's shoulder that revealed a high-grade partial tear of the subscapularis tendon, which is part of the rotator cuff. Dr. Khan referred Anderson to Dr. Brett Cascio, a Lake Charles orthopedic surgeon. Dr. Cascio saw Anderson once, on June 17, 2010. The interactions with Neeley and Dr. Cascio represent the only treatment for the torn rotator cuff Anderson has received since May 31, 2010.

Before May 31, 2010, Anderson had been treated for shoulder complaints. On January 21, 2004, Anderson complained to her gynecologist, Dr. Cynthia Scott, of sharp, stabbing pain in her left shoulder that she related to the heavy lifting she

did at work.  In December 2005, Anderson presented to the emergency room at Women and Children's Hospital with complaints of chest pain radiating into her neck, left shoulder, and left arm.  Anderson told the ER personnel that she felt her pain was related to stress from caring for her sister, who was dying of cancer.  Anderson underwent an EKG at Women and Children's Hospital and was treated by Dr. Carl Fastabend, a Lake Charles cardiologist.

Again Anderson was treated for left shoulder complaints after she fell in April 2007.  X-rays taken at West Calcasieu Cameron Hospital in Sulphur showed calcific tendinitis in the supraspinatus tendon in Anderson's left shoulder.  She was treated for this condition twice by her then-family physician, Dr. Jose Gonzales.  Anderson missed no work as a result of this incident.

After being treated by Neeley and Dr. Cascio after the subject accident, Anderson reported to her store manager, Liza Riley, that she was calling in sick and requesting a leave of absence.  Kroger maintained that only after Riley was phoned by Anderson, asking why her leave was not listed as workers'-compensation-related, did it learn that Anderson was claiming that her shoulder was injured at the store two weeks earlier.  Riley did testify, though, that she had previously been told that Anderson was complaining of pain.

Kroger maintained that Anderson's shoulder injury was not compensable because she was not injured in an "accident," as that term is defined in La.R.S. 23:1021(1):

> "Accident" means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

2

Specifically, Kroger contended that there was no actual, identifiable, precipitous event that produced objective findings of an injury. The Workers' Compensation Judge (WCJ) found that the medical evidence supported Anderson's claim. The WCJ found that there was an accident, but never addressed Kroger's contention at any length. Kroger also maintained that Anderson violated La.R.S. 23:1208, which prohibits willfully making false statements or representations for purposes of obtaining or defeating workers' compensation payment, in that Anderson denied any shoulder problems before the May 31, 2010, events. The WCJ found that Kroger presented sufficient evidence to controvert Anderson's claim and that no penalties were owed, but that no violation of La.R.S. 23:1208 was proven. However, Anderson was awarded $14,000.00 in attorney fees. Both parties filed motions for new trial that the WCJ denied. The WCJ found that Kroger was initially justified in refusing to pay benefits, but acted unreasonably after discovery. Therefore, the WCJ maintained the award of attorney fees and denied again the award of penalties.

## ASSIGNMENTS OF ERROR

Kroger assigns the following errors:

I. The trial court manifestly erred in finding that Anderson was injured in an "accident."

II. The trial court erred in failing to apply the factual standard set forth in *Bruno v. Harbert Int'l, Inc.,* 593 So.2d 357 (La.1992), which is necessary when an alleged accident is unwitnessed.

III. The trial court committed manifest error in finding that plaintiff did not violate La.R.S. 23:1208.

IV. The trial court committed legal error in awarding attorney fees when it found that the imposition of penalties was not warranted, or alternatively committed manifest error in subsequently tacitly finding that the claim was not reasonably controverted, finding attorney fees were warranted

3

Anderson answered the appeal, asking that the judgment be affirmed except in the denial of penalties and requesting additional attorney fees for work on appeal. She asserts two assignments of error: (1) the WCJ erred in not awarding penalties for failure to pay indemnity benefits and failure to pay medical benefits; and (2) the WCJ erred in failing to award temporary total disability (TTD) benefits.

**ANALYSIS**

The entitlement to workers' compensation benefits is established in La.R.S. 23:1031(A), which provides:

> If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.

The Louisiana Supreme Court rendered a per curium opinion on the issue of whether an accident has occurred:

> The employee in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. *Bruno v. Harbert International, Inc.,* 593 So.2d 357, 360 (La.1992); *Ardoin v. Firestone Polymers, L.L.C.,* 10–0245, p. 5 (La.1/19/11), 56 So.3d 215, 218. An employee may prove by his or her testimony alone that an unwitnessed accident occurred in the course and scope of employment, if the employee can satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *Bruno,* 593 So.2d at 361; *Ardoin,* 56 So.3d at 218–219. In deciding whether the plaintiff has discharged his or her burden of proof, the fact-finder should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *Bruno,* 593 So.2d at 361. The fact-finder's determinations as to whether the worker's testimony is credible, and whether the worker has discharged his or her burden of proof, are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. *Bruno,* 593 So.2d at 361; *Ardoin,* 56 So.3d at 219.

4

*Marange v. Custom Metal Fabricators, Inc.*, 11-2678, p.6 (La. 7/2/12), 93 So. 3d 1253, 1257-58.

In *Marange*, the employee testified that he injured his back while using a seven-inch metal grinder. The worker testified that he did not report the incident to anyone that day because simple muscle strains are not uncommon; however, he testified that he told the company bookkeeper the following day. A critical factual issue was whether the employee had, as he testified, used the grinder at shoulder level, because such use was the only manner of use that would be consistent with his injury.

The WCJ found for the employer because the other evidence in the case, specifically the testimony of the claimant's fellow employees, cast serious doubt on his account of the accident. The employee appealed to this court, and we reversed. *Marrange v. Custom Fabricators, Inc.*, 11-743 (La.App. 3 Cir. 11/2/11), 75 So.3d 990. We found that the testimony of the co-workers did not contradict the employee's account of the accident.

The supreme court found that this court had substituted its factual conclusions for the WCJ's. In *Canter v. Koering Co.*, 283 So.2d 716 (La.1973), the supreme court established the principle of deference we are required to give to the factual findings of the trier of fact—principles that the supreme court "has consistently and scrupulously adhered to" during the four decades since that case was decided. *Marange*, 93 So.3d at 1258.

So we are tasked with determining whether the record reflects a reasonable basis for the WCJ's findings. We conclude that it does.

The medical evidence supports Anderson's contention that her rotator cuff tear was acute and did not result from a degenerative process. Kroger argues

5

forcefully, for instance, that calcific tendinitis is associated with rotator cuff tears, and that Anderson had been diagnosed with calcific tendinitis much earlier. This ignores that fact that the calcific tendinitis was located in the supraspinatus, but the rotator cuff tear was identified in the subscapularis tendon. Dr. Khan opined that Anderson's subscapularis tear was "an acute-type" injury. Dr. Cascio testified that more probably than not, Anderson's work activity led to her shoulder problem. Dr. John Noble, who was hired by Kroger to review Anderson's medical records, merely opined that the majority of rotator cuff tears are not associated with a definable event. The history Anderson gave Dr. Khan is internally consistent with her testimony about the date of the incident.

Only the testimony of Tannis Fruge contradicts Anderson's account. He testified that he did not recall Anderson complaining of pain that day, but even Riley testified that Fruge told her that he recalled Anderson complaining of pain.

In short, nothing seriously casts doubt on Anderson's tale. We conclude that the WCJ did not manifestly err.

Louisiana Revised Statute 23:1208 criminalizes the making of false representations to establish or defeat a claim for compensation. Section 1208 also provides for the forfeiture of benefits by an employee who makes such false representations. "The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Const. Co.,* 94-2708, p. 7 (La. 9/5/95), 660 So. 2d 7, 12. A WCJ's findings of fact on the issue of forfeiture of benefits under section 1208 are subject to review under the manifest error standard. *Dugas v. AutoZone,*

6

*Inc.*, 12-727 (La.App. 3 Cir. 12/5/12), 103 So.3d 1271, *writ denied*, 13-45 (La. 2/22/13), 108 So.3d 775.

Kroger argues that Anderson violated section 1208 because she denied ever having a shoulder problem before this incident. Anderson testified that she denied previous shoulder injury because, in her mind, the earlier problems were left arm problems and not isolated to her shoulder. Indeed, medical records from Women and Children's Hospital and Dr. Jose Gonzales reflect that Anderson was complaining of arm pain. At least one of these instances was possibly associated with Anderson's heart, as an electrocardiogram, and later a heart catheterization, was performed. Eventually, Anderson was diagnosed with non-obstructive coronary artery disease.

We conclude that a reasonable basis for the WCJ's finding is supported by the record.

Lastly, Kroger complains that the WCJ awarded attorney fees when it was assessed no penalty. Workers' compensation penalties are assessed pursuant to the authority given in La.R.S. 23:1201. Unless the employer reasonably controverts the employee's claim, he is subject to being assessed with penalties and attorney fees for failure to timely pay indemnity and medical payments.

> [T]o determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

*Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890.

Louisiana Revised Statute 23:1141 provides that an attorney may not recover more than twenty percent of the amount he recovers for his client as compensation benefits. Thus, one can readily see that attorney fees as an award in addition to the compensation awarded to the employee must be predicated upon the WCJ's finding that the employer did not reasonably controvert the employee's claims in failing to pay a claim or was arbitrary, capricious, or without probably cause in discontinuing payment. A WCJ's findings on this issue are also reviewed under the manifest error standard. *Sensat v. Washington Group Int'l., Inc.*, 12-654 (La.App. 3 Cir. 12/12/12), 106 So.3d 683.

Anderson maintains that the WCJ has no discretion to award attorney fees and not penalties. In support thereof she cites the plain language of the statute, which couches the awards in mandatory terms. She argues that Kroger should be assessed with a $2,000.00 penalty for failure to pay indemnity benefits and another for failure to pay medical benefits. This argument comports with the wording of the statute, and we find that the WCJ erred as a matter of law in denying penalties.

Section 1201(F) fixes the amount of penalty that can be awarded. Failure to pay results in a penalty of *up to* the greater of twelve percent of unpaid benefits or fifty dollars per calendar day for each day benefits remain unpaid. In no event can the fifty-dollar-per-day penalty exceed $2,000.00, and the maximum amount of penalties that can be awarded is $8,000.00. The statute clearly envisions factual findings with regard to the basis for penalties being awarded as well as to the amount of penalties awarded, as such awards are reviewed under a manifest error standard of review.. We remand to the WCJ for calculation of the amount of the penalty.

The initial appeal in this matter was taken by Kroger. "An appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." La.Code Civ.P. art.2121. Anderson filed an answer to the appeal in which she asked that we affirm the judgment and award her additional attorney fees. Later, she filed an amended answer to the appeal in which she raised the additional argument that she was entitled to penalties. She did not assert her entitlement to TTD benefits until her brief. Louisiana Code of Civil Procedure article 2133 provides that an appellee is not required to answer an appeal unless she seeks modification, revision, or reversal of part of the judgment. The article further provides:

> In such cases, he must file an answer to the appeal, stating the relief demanded . . . The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.

*Id.* Anderson urges that we review the judgment anyway, under the auspices of La.Code Civ.P. art. 2164, which mandates that the appellate court "render any judgment which is just, legal, and proper upon the record on appeal."

A claimant seeking temporary total disability benefits bears the burden of proving by clear and convincing evidence that she is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(1). The WCJ's findings on this issue are also subject to review under the manifest error standard. *Guffey v. Acadiana Computer Sys., Inc.*, 11-982 (La.App. 3 Cir. 12/14/11), 81 So.3d 214.

The WCJ retains jurisdiction to modify or change a prior award of compensation. While mindful that the silence of the judgment on the issue of TTD benefits tacitly rejects such an award, we would prefer that there be an expression by the WCJ on this important issue. Given that the matter is being remanded on

the issue of penalties, we further instruct the WCJ to expressly render judgment either rejecting or awarding TTD benefits.

An employee who successfully defends a judgment on appeal is ordinarily entitled to additional attorney fees. *Mayes v. Deep South Chemical, Inc.*, 11-91 (La.App. 3 Cir 6/1/11), 66 So.3d 65. As such, we award Anderson $3,000.00 for her attorney's work on appeal.

## CONCLUSION

The WCJ's factual determinations in this case are all reviewed under the manifest error standard. We review the record in its entirety to ascertain whether a reasonable basis is reflected therein to support the WCJ's determinations; we are further constrained from substituting our own interpretations for that of the WCJ. In the present matter, we must affirm the WCJ's findings of fact. A reasonable basis is reflected in the record to support the WCJ's conclusions that Anderson was injured in an accident in the course and scope of her employment on May 31, 2010. The WCJ erred as a matter of law in awarding attorney fees without awarding a penalty for failure to pay medical expenses, and we remand the matter for the WCJ to fix the amount of apenalty. On remand, we further instruct the WCJ to expressly render judgment on the issue of whether Anderson is entitled to TTD benefits. We further amend the judgment to award Anderson $3,000.00 in attorney fees for work on this appeal. All costs of this appeal are taxed to defendant/appellant, The Kroger Company.

**AFFIRMED IN PART AS AMENDED AND REMANDED.**