# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-227 consolidated with 16-228


**PATRICK RICHARD**

**VERSUS**

**STATE OF LOUISIANA, THE OFFICE OF THE GOVERNOR, DIVISION OF ADMINISTRATION, OFFICE OF RISK MANAGMENT**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 04
PARISH OF ACADIA, NO. 14-06189 C/W 14-06211
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**AFFIRMED IN PART, AS AMENDED, REVERSED IN PART.**

**Michael B. Miller**
**Miller & Associates**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Patrick Richard**

**Hon. Jeff Landry**
**Attorney General**
**Sylvia M. Fordice**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, La 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**State of Louisiana, Office of  Risk Management and Department of**
**Transportation and Development**

**GREMILLION, Judge.**

The State of Louisiana through the Office of Risk Management and the Department of Transportation and Development (the State) appeals the judgment of the Office of Workers' Compensation that nullified a previous judgment, which was the subject of our opinion in *State v. Richard*, 12-1247 (La.App. 3 Cir. 3/20/13), 112 So.3d 936, *rev'd*, 13-890 (La. 10/15/13), 125 So.3d 389. For the reasons that follow, we amend the judgment, affirm in part, as amended, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Mr. Patrick Richard was injured in the course and scope of his employment with the Department of Transportation and Development (DOTD) on September 20, 2005. The State paid Mr. Richard temporary total disability benefits (TTD), but he remitted these checks to the State, opting instead to receive his regular salary by utilizing his accrued vacation and sick leave time. Mr. Richard retired from the State on April 20, 2007, and began to keep his TTD checks. In 2011, the State filed a Disputed Claim for Compensation in which it asserted that it was entitled to an offset of Mr. Richard's TTD benefits against the disability retirement benefits it asserted were being paid to him pursuant to La.R.S. 23:1225(C)(1).[1] Mr.

---

[1] Louisiana Revised Statutes 23:1225(C)(1) reads:

C. (1) If an employee receives remuneration from:

. . . .

(c) Benefits under disability benefit plans in the proportion funded by an employer.

. . . .

then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration

Richard asserted that a conversation between himself and a DOTD employee constituted an agreement that his disability retirement benefits would not offset his TTD benefits, and in the alternative, that this conversation and assurance estopped the State from arguing its entitlement to an offset. In 2012, the Workers' Compensation Judge (WCJ) ruled in the State's favor and ordered an offset of $224.05 per week from April 21, 2007, until Mr. Richard reached the age of 60 on July 22, 2013, when his retirement was to be converted to regular retirement.[2]

This court reversed the WCJ and ruled that the State was estopped from claiming an offset because of the assurances by the DOTD employee that his TTD benefits had no effect on his retirement benefits. *State v. Richard*, 112 So.3d 936.

The Louisiana Supreme Court reversed and reinstated the offset. *State v. Richard*, 13-890 (La. 10/15/13), 125 So.3d 389. The supreme court held that, for estoppel to apply, Mr. Richard was required to prove his reliance to his detriment upon the assurances of the DOTD employee and that it was reasonable for him to do so. It held that he failed to prove these elements. Any agreement asserted by Mr. Richard between himself and the State must be clear and unambiguous, and Mr. Richard failed to prove such an agreement.

On August 14, 2014, Mr. Richard filed a "Motion and Order to Nullify Judgment" in which he alleged that after he reached age 60, he contacted the State to ascertain when his retirement was to be converted from disability to service retirement. According to the motion, Mr. Richard was told that he had been converted to service retirement as of July 22, 2008. The motion argued that the

_____

from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.

[2] Henceforth, we will refer to this judgment as "the 2012 judgment."

2

State obtained the 2012 judgment through fraud or ill practices, and that it should be nullified. The State opposed the motion by arguing that only a petition could be filed to nullify a judgment. Thereafter, Mr. Richard filed a Disputed Claim for Compensation and a "Petition to Nullify Judgment," again asserting that the original offset judgment had been obtained through false representations pursuant to La.R.S. 23:1208 and through fraud or ill practices. The State reinstated Mr. Richard's weekly indemnity benefits on September 19, 2014.

The State then filed a "Petition to Modify Judgment" in which it acknowledged that it was only entitled to an offset from April 27, 2007 through July 7, 2008, when it claimed Mr. Richard's retirement was converted from disability to service. The State moved to consolidate the two matters, which were tried on stipulations and exhibits. The WCJ entered oral reasons for judgment into the record in which the State was found to have obtained the 2012 judgment through ill practices. The WCJ then signed a judgment annulling the 2012 judgment. That judgment provided that the State was entitled to an offset of $224.05 per week from April 21, 2007 through July 21, 2008 and was entitled to no offset thereafter. Mr. Richard was awarded $13,000.00 in attorney fees. In the alternative, the WCJ granted the State's request to modify the judgment, again finding that it was only entitled to an offset from April 21, 2007 through July 21, 2008.

After this judgment was signed, the State filed a motion for new trial in which it asserted that the judgment was imprecise and indefinite because it failed to pronounce the dollar amount awarded to Mr. Richard. This motion was denied, and the State perfected this appeal. Mr. Richard answered the appeal and asserted

one assignment of error regarding the amount of attorney fees awarded, and requested additional attorney fees.

## ASSIGNMENTS OF ERROR

The State assigns the following as error:

I. The workers' compensation judge erred as a matter of law in granting the claimant's petition for nullification of the original May 1, 2012 judgment, and in the alternative, granting the State's petition for modification of that same judgment, rendering the September 15, 2015 judgment imprecise, indefinite, and uncertain.

II. The workers' compensation judge erred as a matter of law in granting the claimant's petition for nullification of the original May 1, 2012 judgment, and in the alternative, granting the State's petition for modification of that same judgment, rendering the September 15, 2015 judgment imprecise, indefinite, and uncertain.

III. The workers' compensation judge erred in failing to award attorney fees to defendant's counsel.

IV. The workers' compensation judge committed manifest error in awarding attorney fees to claimant's counsel as there is no credible evidence to support an award of $13,000.00.

V. The workers' compensation judge erred in ordering the State to pay costs.

VI. The workers' compensation judge erred as a matter of law in failing to determine the sum certain alleged to be owed the claimant by the State.

VII. The workers' compensation judge committed manifest error in denying the State's motion for a new trial

Mr. Richard did not assert an assignment of error in his brief, but does argue that if the State does not prevail in its appeal, he should be awarded additional attorney fees for work done by his counsel on appeal.

4

## ANALYSIS

There is no dispute in this case that the State wrongly sought and obtained a judgment allowing it a credit for weekly indemnity benefits against what it alleged was Mr. Richard's disability-related retirement benefits. Both Mr. Richard and the State sought judicial rectification of the 2012 judgment. Mr. Richard sought to annul the judgment; the State sought to modify the judgment.

The Louisiana Code of Civil Procedure specifies several grounds for the annulment of a final judgment, including a judgment rendered against an incompetent person, against a person who was not properly served with process, or by a court that did not have subject matter jurisdiction over the case. La.Code Civ.P. art. 2002. A court may also annul a judgment obtained through "fraud or ill practices." La.Code Civ.P. art. 2004. In defining "fraud or ill practices", the Louisiana Supreme Court stated:

> "[T]he article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable."

*Kem Search, Inc. v. Sheffield*, 434 So. 2d 1067, 1070 (La.1983).

The State argues that the judgment should have been modified as per its motion. The State is correct that a WCJ retains jurisdiction over cases and has the authority, on application of any party, to modify his judgment as he deems justified. La.R.S. 23:1310.8. However, in *Martin v. Red Simpson, Inc.*, 96-1177 (La.App. 3 Cir. 3/12/97), 692 So.2d 635, we held that a judgment awarding benefits through fraud or ill practices was properly annulled and not modified. The court reasoned that a causal relationship between the fraud or ill practices and obtaining the

5

judgment determined whether a judgment should be modified or annulled. We are similarly persuaded that, though La.R.S. 23:1310.8 allows a WCJ to modify a judgment, when the judgment is obtained through fraud or ill practices, the appropriate action is for nullity and not modification. We, therefore, affirm the WCJ's judgment declaring the 2012 judgment null, and reverse that judgment to the extent it affirmed the State's petition to modify.

The State asserts two assignments of error regarding attorney fees. In the first, it asserts that the WCJ erred in failing to award it attorney fees. The State's theory in support of this contention may be summarized as follows: the judgment only required modification, not nullification, and the State was required to defend the action for nullification by opposing Mr. Richard's attempt to prosecute the same by motion rather than petition. Further, the State contends that it was the prevailing party in the action.

We reject the State's argument. The State wrongly obtained a judgment in 2012 and was more than content to rest upon this judgment in perpetuity. Only after Mr. Richard sought judicial redress did the State move to address its error. We have no difficulty in affirming the WCJ's determination that Mr. Richard was the prevailing party in this case. While this judgment does recognize that the State was entitled to an offset for the period ending in July 2008, it also recognizes that the State was exercising an offset far longer than it was entitled to. Louisiana Code of Civil Procedure article 2004(C) allows reasonable attorney fees to the prevailing party when a judgment is annulled for fraud or ill practices.

Similarly, the State complains of being taxed with court costs. We disagree, for largely the same reasons set forth above. Louisiana Code of Civil Procedure art. 1920 provides that the party cast in judgment shall pay the costs unless the

6

judgment provides otherwise. Louisiana Revised Statutes 13:5112 provides that when the State is cast with court costs, the judgment "shall express such costs in a dollar amount[.]" The judgment herein failed to so provide. We, therefore, amend the judgment to tax the State with the court costs below in the amount of $30.00.

The State's second assignment of error regarding attorney fees complains of the amount of attorney fees awarded to Mr. Richard. It contends that the basis of the award was an unsworn document attached to Mr. Richard's post-trial memorandum. A decision to award or deny attorney fees lies within the "great discretion" of the WCJ. *Rougeau v. Gottson Const. Co.*, 10-1082, p. 5 (La.App. 3 Cir. 2/9/11), 57 So.3d 576, 580, *writ denied*, 11-492 (La. 4/25/11), 62 So.3d 90. It is not necessary for a WCJ to receive evidence regarding the claimant's attorney's time, effort, and expense in prosecuting a workers' compensation claim. *Conner v. Bridgefield Cas. Ins. Co.*, 15-621 (La.App. 3 Cir. 12/9/15), 185 So.3d 754, *writ denied*, 16-739 (La. 6/3/16), 192 So.3d 747. The record itself reflects the value of the claimant's attorney's work. *Id.*

The unsworn document did not serve as a basis for the award of attorney fees to Mr. Richard, as the amount awarded was far less than the over $20,000.00 that document purported to seek. We find that the WCJ did not abuse its discretion in awarding Mr. Richard attorney fees.

Given that we are affirming the trial court's decision regarding the nullification of the 2012 judgment, the State's assignment of error regarding its motion for new trial is rendered moot.

Mr. Richard has prayed for additional attorney fees for his attorney's work on appeal. When an employee successfully defends a workers' compensation judgment on appeal, this court ordinarily awards additional attorney fees.

7

*Anderson v. Kroger No. 747*, 13-259 (La.App. 3 Cir. 12/11/13), 127 So.3d 1026, *writ denied*, 14-64 (La. 3/14/140, 135 So.3d 604. In the present matter, we find that Mr. Richard is entitled to additional attorney fees in the amount of $4,000.00.

## SUMMARY AND DECREE

There is no dispute that the State of Louisiana through the Office of Risk Management and the Department of Transportation and Development withheld a considerable amount of money from its injured employee, Patrick Richard. There is no dispute that these funds were withheld from Mr. Richard by virtue of the 2012 judgment. There is no dispute that this judgment was obtained through information that was incorrect even before the State petitioned to have its credit against Mr. Richard's alleged disability-related retirement. The 2012 judgment deprived Mr. Richard of weekly indemnity benefits under the Louisiana Workers' Compensation Act to which he was entitled. We affirm the WCJ's finding that the 2012 judgment was obtained through fraud or ill practices pursuant to La.Code Civ.P. art. 2004.

We amend the judgment to assess the State with the trial court costs of $30.00.

We affirm the WCJ's award of attorney fees to Mr. Richard in the amount of $13,000.00 and award him attorney fees on appeal of $4,000.00.

We amend the WCJ's judgment to assess the State with $30.00 in court costs below, and assess the State with the appeal costs herein, which total $895.00.

**AFFIRMED IN PART, AS AMENDED, REVERSED IN PART.**