# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-566 WCA c/w 22-567-WCA c/w 22-568-WCA

**PATRICK RICHARD**

**VERSUS**

**STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

************
APPEAL FROM THE
OFFICE OF WORKERS COMPENSATION, DISTRICT 04
PARISH OF LAFAYETTE, DOCKET NO. 14-06189 c/w 14-06211 c/w 21-03081
HONORABLE ADAM JOHNSON, WORKERS' COMPENSATION JUDGE
************
## LEDRICKA J. THIERRY
## JUDGE
************

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Ledricka J. Thierry, Judges.

**AFFIRMED.**

**Michael B. Miller**
**Attorney at Law**
**P.O. Drawer 1630**
**Crowley, LA 70527**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Patrick Richard**


**Beau Anthony LeBlanc**
**Voorhies & Labbé, APLC**
**Special Assistant Attorney General**
**700 St. John Street/P.O. Box 3527**
**Lafayette, LA 70502**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **State of Louisiana Through the Department**
      **of Transportation and Development**

**THIERRY, Judge.**

The injured employee, Mr. Patrick Richard, appeals a judgment rendered by the Office of Worker's Compensation ("OWC") finding his claims for indemnity benefits against the State of Louisiana through the Office of Risk Management and the Department of Transportation and Development ("the State") are prescribed. Mr. Richard further appeals the OWC's ruling that a previous judgment against the State was timely and fully paid. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case has an unusual, complicated procedural history. This case has been before this Court on two previous occasions. *See Louisiana Office of Risk Management v. Richard*, 12-1247 (La.App. 3 Cir. 3/20/13), 112 So.3d 936, *rev'd*, 13-890 (La. 10/15/13), 125 So.3d 398; *Richard v. State*, 16-277, 228 (La.App. 3 Cir. 11/30/16), 239 So.3d 840, *writ denied*, 17-16 (La. 2/10/17), 216 So. 3d 48. In the present appeal before the Court, there are three different docket numbers and proceedings, all stemming from one single accident. That accident occurred on September 20, 2005, when Mr. Richard was injured while working for the Louisiana Department of Transportation. The State paid him worker's compensation benefits following his injury.

In August of 2007, the State notified Mr. Richard that that it had been overpaying him. The State thereafter filed a claim with the OWC, asking the court to offset retirement benefits to Mr. Richard until retirement at sixty years of age. Mr. Richard filed an exception of prescription in response, which was denied by the Workers' Compensation Judge ("WCJ"), reversed by this Court, then reversed again by the Louisiana Supreme Court. *Richard*, 112 So.3d 936.

Later, it was discovered that Mr. Richard's retirement age was fifty-five, not sixty. Under a different docket number and different petition, the OWC nullified its

previous judgment, finding that the State presented false information to the court in order to obtain the offset. The OWC rendered this judgment on September 15, 2015. On appeal, this Court affirmed the OWC's award of attorney's fees of $13,000.00 and awarded an additional $4,000.00 in attorney's fees for work performed on appeal. *Richard*, 239 So.3d 840. This Court also assessed appeal and court costs against the State, totaling $925.00. The Louisiana Supreme Court denied writs on February 10, 2017.

On July 17, 2017, Mr. Richard filed a "Motion for Penalties and Attorney Fees" in the existing proceeding, alleging that the State failed to pay the September 15, 2015 judgment timely. On September 20, 2017, Mr. Richard filed an amended motion, adding an additional claim that the State terminated Mr. Richard's indemnity benefits on September 19, 2015 without cause and failed to pay him adequate mileage. He filed a second amended motion on October 19, 2017, adding that the State failed to pay the attorney's fees affirmed and awarded by this Court in *Richard v. State*, 239 So.3d 840.

In response, the State filed an Exception of Unauthorized Use of Summary Proceedings on January 31, 2018, in which it sought to have all claims filed by Mr. Richard dismissed. On March 28, 2018, Mr. Richard filed a third motion, in which he added another mileage claim against the State. On May 3, 2018, the State re-urged its previously filed Exception of Unauthorized Use of Summary Proceedings and added additional exceptions of lack of personal jurisdiction and prematurity. The State argued that Mr. Richard's additional new claims for benefits were improperly initiated and should have been set forth in a Form 1008. On August 31, 2018, the WCJ granted the State's Motion of Partial Dismissal, ordering Mr. Richard to file another Form 1008 and serve it by ordinary proceedings.

Mr. Richard filed Form 1008 on August 23, 2018, bearing docket number 18-06158. In that petition, he alleged that he was entitled to payment for his medical expenses, weekly compensation benefits, and mileage, *inter alia*. In response to this Form 1008, on October 21, 2019, the State filed a Motion for Involuntary Dismissal under docket number 18-06158, alleging improper service. On February 17, 2020, the Court granted the Motion for Involuntary Dismissal, dismissing the case bearing docket number 18-06158 without prejudice.

On December 19, 2019, Mr. Richard filed another Form 1008. He alleges that this Form 1008 was filed in the proceeding bearing docket number 18-06158 and that the OWC changed the docket number to 19-08406. This petition alleged the same allegations as the previously filed (and dismissed) Form 1008. In response, the State filed an exception of prescription. At the hearing for this exception on March 9, 2020, Mr. Richard made an oral Motion for Voluntary Dismissal. The OWC dismissed the Form 1008 filed under docket number 19-08406, as stated in the judgment dated June 9, 2021. Mr. Richard denies requesting dismissal, but there is nothing in the record to contradict this.

On October 19, 2020, Mr. Richard filed a Fourth Amended Motion and Order for Penalties and Attorney's Fees under docket numbers 14-06189 and 14-06211. On October 26, 2020, Mr. Richard filed a Fifth Amended Motion and Order for Penalties and Attorney's Fees under those same docket numbers, adding additional dates in which the State failed to pay Mr. Richard indemnity benefits. In response, the State filed another Exception of Unauthorized Use of Summary Proceedings and an Exception of Prescription.

On May 24, 2021, Mr. Richard filed a new Form 1008, attaching two previously filed Motion for Penalties and Attorney Fees. This new Form 1008 was assigned OWC docket number 21-03081. On September 27, 2021, Mr. Richard filed

an amended Form 1008, claiming for the first time that he was totally and permanently disabled. The State responded with Exceptions of Prescription and Res Judicata, alleging that Mr. Richard's indemnity benefits had prescribed. The State further alleged that the only proper way to raise these new indemnity benefits was through a Form 1008, and that the 2021 Form 1008 was prescribed.

After both parties submitted briefs, the OWC issued an oral ruling on January 14, 2022, granting the State's exception of prescription and finding that the State timely paid the September 15, 2015 judgment. However, the OWC ruled in favor of Mr. Richard on the mileage claims and ordered the State to pay Mr. Richard mileage requests and awarded attorney's fees and penalties to Mr. Richard.

Mr. Richard now appeals, challenging the OWC's ruling that Mr. Richard's indemnity benefits claims are prescribed. He further appeals the OWC's ruling that denied his request for imposition of penalties under La. R.S. 23:1201(G). Mr. Richard does not appeal the portion of the judgment pertaining to mileage reimbursements due and the penalties and attorney's fees imposed for the failure to pay same timely.

## ASSIGNMENTS OF ERROR

Mr. Richard claims that the OWC erred in: (1) finding that his claim was prescribed; (2) failing to award indemnity benefits, penalties, attorney's fees, legal interests, and costs to him; (3) failing to rule on his permanent and total disability claim; (4) excluding the "Petition for Offset of Disability Retirement Benefits" and the "Petition to Nullify Judgment" in its ruling; and (5) issuing multiple claim numbers for the one accident that occurred on September 20, 2005.

## ANALYSIS

Mr. Richard's first and third assignments of error arise out of the same ruling, namely, that his claim for permanent and total disability has prescribed. This Court

discussed the appellate standard of review for an exception of prescription in *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278 and in *McCauley v. Stubbs*, 17-933 (La.App. 3 Cir. 4/25/18), 245 So.3d 41. When evidence is introduced in support or against the exception of prescription, the "appellate court reviews the exception under the manifest error standard of review…." *Id.* at 44 (*quoting Allain*, 128 So.3d at 1285). If the findings are reasonable based on the entirety of the record, then an appellate court may not reverse, even though it may have weighed the evidence differently as the trier of fact. *Morse v. Louisiana Veterinary Referral Ctr., LLC*, 21-0965 (La.App. 1 Cir. 2/25/22), 340 So.3d 1130. In this case, the manifest error standard of review applies, as evidence was introduced on the exception of prescription.

On an exception of prescription, the burden of proof generally lies with the party pleading the exception. However, if the case is prescribed on the face of the pleadings, then the burden shifts to the other party to prove the action is not prescribed. *McCauley v. Stubbs*, 17-933, 245 So.3d 41.

La.R.S. 23:1209 sets forth the prescriptive periods in workers' compensation cases, providing, in pertinent part:

> A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
>
> (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).

5

The OWC found it unnecessary to decide whether the one-year or three-year prescriptive period applies, finding that Mr. Richard's claim was prescribed under both prescriptive periods. We, too, find it unnecessary to reach this issue on appeal.

In this case, Mr. Richard received his last payment from the State on March 20, 2017. The OWC held that the longest possible prescription date would be three-years after that date, or March 20, 2020. However, the Governor of Louisiana suspended and extended prescriptive periods during this time due to the public health emergency created by Covid-19. Louisiana Revised Statutes 9:5829 provides: "The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020." This Court finds that the OWC's determination of the prescriptive date was wrong. The correct date is July 6, 2020. Nevertheless, this error does not affect the substance of the OWC's rulings.

From the period of March 20, 2017, when Mr. Richard received his last payment, until the end of the prescriptive period on July 6, 2020, Mr. Richard filed several motions and pleadings arising out of his September 20, 2005 injury. However, the State argues—and the OWC agreed—that none of these pleadings were sufficient to interrupt prescription. On the other hand, Mr. Richard avers that prescription is a red herring, and the true issue is one of abandonment. *See* La.Code Civ.P. art. 561.

The application of prescription or abandonment depends on whether injured workers are required to file a new Form 1008 each time they have an additional request for relief, or whether they can simply request such relief in an existing proceeding. The State contends that a new Form 1008 is required, while Mr. Richard asserts that relief can be filed in the existing proceeding.

Louisiana Revised Statutes 23:1310.3 states, "A claim for benefits, the controversion of entitlement to benefits, or other relief under the Workers' Compensation Act shall be initiated by the filing of the appropriate form with the office of workers' compensation administration." Louisiana Administrative Code 40 § I-5507, entitled "Commencement of a Claim," governs workers' compensation claims and states that "'Form LWC-WC-1008' shall be the form to initiate a claim or dispute."

Clearly, then, a Form 1008 is necessary to initiate a claim for benefits. But what is less clear is whether "claim" broadly encompasses any and all controversies surrounding an accident at issue, or whether "claim" is narrowly limited to only the issues explicitly set forth in a Form 1008.

As noted by the OWC in its oral ruling, the Louisiana Supreme Court addressed this issue in *Soileau v. Wal-Mart Stores, Inc.*, 19-0040 (La. 6/26/19), 285 So.3d 420. In that case, Ms. Soileau filed a motion to compel her employer to designate another pharmacy to fill her prescriptions in an existing proceeding, rather than seeking relief through a new Form 1008. The court held:

> The term "claim" is nowhere defined in the Workers' Compensation Act. *Ross v. Highlands Ins. Co.*, 590 So.2d 1177, 1181 (La. 1991). However, we have determined it is clear from the context of provisions that the term refers to a claim for relief, not the enforcement of a judgment. *Id.* A claim is initiated by the filing of a petition with the OWC once an issue surfaces which the parties cannot themselves resolve. *Id.*
>
> In the case at bar, Ms. Soileau is not seeking to enforce a judgment stemming from her earlier claim, but is instead seeking new relief in the form of an order requiring Wal-Mart to permit her to use a pharmacy other than its own. Because the parties are unable to resolve this issue on their own, Ms. Soileau is required to file a new claim to seek such relief.

*Id.* at 424.

Thus, Louisiana's highest court has held that each new unresolvable issue in a Workers' Compensation case must be set forth in a new claim for relief, *i.e.*, Form 1008. This Court cannot say that the OWC was manifestly erroneous in relying on the *Soileau* decision in its oral ruling, as it is currently the supreme court's last ruling on this issue.

Therefore, even though Mr. Richard filed several motions in the existing proceeding, those motions were not sufficient to interrupt prescription on Mr. Richard's new indemnity claims. The new relief requested in those motions— including his claim that he is permanently and totally disabled—needed to be set forth in a newly filed Form 1008.

Mr. Richard filed three such Forms 1008 after his last payment on March 20, 2020, filing one on August 23, 2018, the second on December 19, 2019, and the third on May 24, 2021. However, none of these filings interrupted prescription.

The 2018 Form 1008 was dismissed for improper service under La.R.S. 13:5107. Pursuant to La.R.S. 13:5107, the 2018 Form 1008 did not interrupt prescription. "When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof[.]" La.R.S. 13:5107.

The 2019 Form 1008 was voluntarily dismissed. Though Mr. Richard disputes that he voluntarily dismissed this Form, he introduced no evidence into the record to prove otherwise. The record reflects a Judgment dated June 9, 2021, which states, "Upon oral Motion for Voluntary Dismissal made in open court by counsel for Patrick Richard, and there being no objection thereto; IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Form 1008 filed under Docket Number 19-

08406 is dismissed without prejudice." The record also reflects the oral ruling of the OWC on January 14, 2022, in which the OWC stated: "the Court signed a judgment dismissing docket number 19-08406 without prejudice pursuant to an Oral Motion for Voluntary Dismissal made in open court by counsel for Mr. Richard." Therefore, the record is clear, and contains no evidence to the contrary, that the 2019 Form 1008 was voluntarily dismissed by Mr. Richard.

Louisiana Civil Code Article 3463 states, in relevant part, "Interruption is considered never to have occurred if the plaintiff abandons the suit, voluntarily dismisses the suit at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial." Therefore, the 2019 Form 1008 did not interrupt prescription.

The 2021 Form 1008 is prescribed on its face, as it was filed outside the prescriptive period ending July 6, 2020. When a pleading is prescribed on its face, "the burden shifts to the plaintiff to show that the action has not prescribed." *Allain*, 128 So.3d at 1285. Mr. Richard failed to meet his burden in showing that the 2021 Form 1008 has not prescribed.

Mr. Richard contends in his second assignment of error that the State failed to timely and fully pay the September 15, 2015 judgment. Citing La.R.S. 23:1201(F), he claims that the judgment was due sixty days after the judgment was signed on November 15, 2015. The State, however, claims that the judgment was not due until thirty days after the Louisiana Supreme Court's denial of writs became final. The supreme court denied writs on February 10, 2017, and that judgment became final five days after that, exclusive of legal holidays, on February 17, 2017. The State claims that the judgment would have been due thirty days after that on March 19, 2017, a Sunday, and therefore was due on March 20, 2017.

9

We find no merit in Mr. Richard's argument. Louisiana Revised Statutes 23:1201(G) governs the applicability of penalties to judgments and specifically only applies when "a final, nonappealable judgment is not paid within thirty days after it becomes due[.]" The September 15, 2015 judgment became a final, nonappealable judgment on February 17, 2017.

Mr. Richard also claims that the September 15, 2015 judgment was never paid in full. He claims that the State's check of $28,260.21 was sent to the OWC, not him. This assertion is not supported by the record. The record shows that Mr. Richard was paid the $28,260.21, as evidenced by a copy of the check bearing Mr. Richard's endorsement.

Mr. Richard also alleges procedural errors in his fourth and fifth assignments of error, including the OWC's failure to include certain pleadings in the record and the OWC's issuance of multiple claim numbers arising out of his single accident that occurred on September 20, 2005. We find that neither of these assignments of error have merit.

As to the first, Mr. Richard had an opportunity at the OWC level to introduce those documents into the record. He did not. Even after the OWC's decision on January 14, 2022, Mr. Richard could have filed a Motion to Supplement the Record with the requested pleadings. He did not. Therefore, we find this assignment of error to be without merit.

As to the second, Mr. Richard has not explained or suggested any harm caused by the issuance of multiple docket numbers to him, nor has he pointed to any law that justifies reversal of such. We, too, find this assignment of error meritless.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against, appellant, Mr. Patrick Richard.

**AFFIRMED.**